## BROCK ET AL v. YONGUE ET AL.

1. A plaintiff in ejectment must recover on the strength of his own title, and if that is not sufficient to enable him to maintain the action, it is unimportant what the title of the defendant is.

2. When the plaintiff in ejectment claims by a sale under execution, it is not necessary that he should deduce a regular chain of title subsisting in the defendant in execution ; it is sufficient if he shows a legal title in the defendant at the time of the rendition of the judgment.

3. The rule that this Court will not reverse a judgment though the Court below may have erred in its charge to the jury, where it is clear from the entire record that the plaintiff cannot recover, is confined to those cases where the matter relied on to affirm the judgment, notwithstanding the error of the Court, is uncontroverted.

ERROR to the Circuit Court of Talladega.

This was an action of trespass to try title by the plaintiffs against the defendant Yongue, Joseph H. and Jacob T. Bradford, being admitted to be the landlords of the defendant were permitted to defend for, and with him as tenant in possession and having pleaded not guilty a verdict was found in their favor, on which the Court rendered judgement.

A bill of exceptions taken at the instance of the plaintiffs in error discloses that it was proved, on the trial that a judgement was obtained by Loney W. Madison, and Edmund F.

Lattimore, against David Conner in the Circuit Court of Talladega for eight hundred and eight dollars. That an execution issued in June, 1838, was returned not satisfied, and that an alias and pluries were also issued and returned in the same manner. That on the 6th July, 1840, an *alias pluries* issued and was levied by the sheriff on certain lands, being the same sued for in this action, as the property of Conner, the defendant in execution, which after due advertisement were sold by the sheriff to the plaintiffs for thirty-five dollars, and a deed executed by him to them therefor.

It was further proved that a writ of error bond was executed by Conner, the defendant in execution, with surety in September, 1838, the cause taken to the Supreme Court, and the judgment affirmed at the February term, 1839. That a certificate of affirmance was issued by the Clerk of the Supreme Court on the 15th June, 1841, and was received by the Clerk of the Circuit Court shortly after. The Clerk's cost and County tax had been paid as appeared by an entry on the execution docket, but whether before or after the execution issued on which the sale was made, the Clerk did not know.

The Clerk testified that the execution which issued anterior to the one on which the property was sold had been *superseded* by a writ of error, *coram vobis*, having issued before any certificate of affirmance from the Supreme Court was sent to him.

It further appeared that neither the original bond executed by Conner for the writ of error, nor a copy thereof was on file in the Clerk's office, but that the original was sent with the record to the Clerk of the Supreme Court, and that executions were regularly issued on the judgment, as if no writ of error had been taken.

It was also proved that one Walker was liable for the same debt on which the judgment against Conner was founded. That a judgment was obtained against him and fully discharged by payment to the plaintiff before the execution on which the land was sold was issued, but no satisfaction had been entered on the judgment against Conner, although it was entirely satisfied except the costs.

It was also proved that at the rendition of the judgment and issuance of the first execution, Conner was in possession of the

74

land sued for—that after the issuance of the first execution, Conner conveyed the land to one Wyche, in trust to secure one Hall as surety of Conner—that afterwards Conner and Hall united in a conveyance of the and to the Bradfords, who subsequently sold the same to the defendant. Yongue executed to him a bond for title, and put him in possession, who vouched the Bradfords to defend his title.

Upon this testimony the plaintiff moved the Court to charge the jury—

1. That if they believed the defendants had no other title to the lands sued for than that acquired by virtue of the deed of trust, and by virtue of conveyances made by the defendant in execution since the rendition of judgment, and since the issuance of the first execution thereon, they should find for the plaintiffs.

2. That the defendants were estopped from denying that Conner had title. That to entitle the plaintiffs to recover, it was only incumbent on them to show the judgment, execution and sheriff's deed. Which charge the Court refused to give, and instead thereof, charged, that if the plaintiff had not shown title to be in Conner at the rendition of the judgment, or issuance and levy of an execution, by a regular chain of title from the government of the United States down to Conner, they should find for the defendants. To the refusal to charge and to the charge as given the plaintiffs excepted, and now assign for error.

S. F. RICE, for plaintiff in error, insisted that the charge moved for should have been given. That there was no necessity to prove the title of Conner, the defendant in execution, at the rendition of judgment, because the defendants in this suit, as well as the plaintiffs, claim through Conner. He cited 12th Johns. Rep. 213; 3 Wash. C. C. R. 546; 10 Johns. 291; 7 id. 186, 277; 4 id. 202, 16; 10 Wheat. 223; 1 Caine's, 444; 2 id. 215; 3 id. 188; 4 Cowan, 599; 7 id. 637; 9 id. 233; 8 Wen. 620; 13 Johns. Rep. 97; 14 id. 224. He argued that this was the only question presented on the record, and that no point was presented as to the fact that the execution was superseded by a writ of error bond, at the time the sale was made.

Brock et al v. Yongue et al.

Chilton and Silas Parsons, contra, contended that conceding the argument of the opposite counsel to be generally true, that it did not appear in this case that the deed of trust to secure Hall and the conveyance by Hall and the defendant in execution to the Bradfords, had been delivered or accepted by them, or that they relied on those deeds for title to the premises; and cited 20 Johns. 184 ; 3 Philips Ev. 1283 ; 1 Johns. Cases, 114 ; 10 Mass. 456 ; 12 id. 461 ; 3 N. Hamp. 304. And if mistaken in that view, that the charge was correct, because the lien of the judgment was destroyed by the execution of the bond for a writ of error.

ORMOND, J.—This was an action of trespass to try title. The plaintiff claimed under a sale by execution. It is very certain that the plaintiff in ejectment must recover by the strength of his own title ; if that is not sufficient to enable him to maintain the action, it is a matter of profound indifference to him what the title of the tenant in possession is. The charges moved for, therefore, which are based on the supposed insufficiency of the title of the defendant, were properly refused.

In the charge given, however, the Court erred. The substance of the charge is, that the plaintiff was bound to shew a regular chain of title from the United States down to the defendant in execution, at the time of the rendition of the judgment. As it respects the title of the defendant in execution it was only necessary to show that it was a legal title, subsisting in the defendant at the rendition of the judgment. Such as it was, it passed to the purchaser by the sale under the execution.

It is, however, insisted that this Court will not reverse because it appears from the record that the judgment under which the plaintiff derives his title had lost its *lien* by a writ of error having been sued out and a bond given to supersede the execution, and that the defendant's title accrued while the writ of error was pending, and before the affirmance of the judgment.

It is true that this Court will not reverse a judgment, though the Court may have erred in its charge, where it is clear from the entire record that the plaintiff never can recover, and such

would be the consequence of the facts here supposed, as was held by this Court in the case of Campbell v. Spence, at the present term. It appears, however, that there was some controversy about the bond executed to obtain a supersedeas, and without intending to intimate that the fact that the bond was taken by a deputy clerk, or sent to this Court with the record, would vary the case, it is sufficient that these questions are contested, to prevent the application of the rule above stated. A proper case for its application would be one where the matter relied on to affirm the judgment, the error of the Court notwithstanding, was uncontroverted.

Let the judgment be reversed and the cause remanded.