# Foster *v.* Moody.

### *Statutory Real Action in Nature of Ejectment.*

1. *Title of purchaser at sheriff's sale.* — A purchaser of lands at sheriff's sale under execution on a judgment at law, acquires only the title which the defendant in execution had at the time of the levy and sale.

2. *Judgments rendered during late war; executions during provisional government.* — A purchaser of lands at sheriff's sale in 1866, during the existence of the provisional government in this State, under an execution issued on a judgment of the circuit court rendered in 1862, has such a title as he may successfully defend at law against a subsequent purchaser at execution sale under a junior judgment.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. WM. S. MUDD.

The opinion in this case was delivered at the January term, 1873; but, an application for a rehearing having been filed, it was withdrawn, and withheld until the present term. The action was brought by Charles M. Foster against Washington Moody, to recover the possession of a certain tract of land in said county, together with damages for its detention; and was commenced on the 14th January, 1871. The cause was tried on issue joined on the plea of not guilty, and was submitted to the jury, under the charge of the court, on an agreed statement of facts. The plaintiff claimed the land under a purchase at sheriff's sale, made on the 1st Monday in January, 1871, under an execution issued on a judgment in his own favor, under Samuel W. Eddins and Patrick H. Eddins, which was rendered by the circuit court of Tuskaloosa county, on the 25th March, 1867; and he produced and proved his judgment, execution, and deed from the sheriff. The defendant was in possession of the lands under a former purchase at sheriff's sale; and he produced and proved his judgment, execution, and deed from the sheriff. This judgment was in favor of said Moody,

[Foster v. Moody.]

against said Samuel W. Eddins, and was rendered by the circuit court of said county, in September, 1862. The execution on it, under which the sale was made, was issued on the 3d July, 1866, and was levied on the lands on the 1st August, 1866; and the sale under the levy was made on the 3d September, 1866. The court charged the jury, that, on the evidence in the case, the plaintiff was not entitled to recover; and this charge, to which the plaintiff excepted, is now assigned as error.

VAN HOOSE & POWELL, for appellant. — 1. It has been settled by the uniform decisions of this court, that " Confederate judgments," or judgments rendered during the late civil war, stand on no higher ground than foreign judgments, and are only causes of action. *Martin* v. *Hewitt*, 44 Ala. 418; *Noble & Brother* v. *Cullum & Co.* 44 Ala. 551; *Powell* v. *Boon & Booth*, 43 Ala. 459; *Lindsay* v. *Shaw*, 46 Ala. 290; *Griffin* v. *Ryland*, 45 Ala. 688; *Bibb & Falkner* v. *Avery*, 45 Ala. 691; *Bevans* v. *Henry*, at the January term, 1873; and numerous other cases recognizing the principle as settled. These decisions have become a rule of property, and rights have been acquired under them; indeed, the plaintiff's rights in this case have been acquired, and this action has been brought to enforce those rights, on the faith of those decisions. An exception to this rule, and the only admitted exception, has been in favor of executed judgments; that is, judgments executed during the war. But the " provisional government " in Alabama, from 1865 to 1868, was no part of the " rebel or foreign power; " it has always been recognized as a part of the legal, loyal government. Consequently, the defendant's judgment cannot be treated as an executed Confederate judgment.

2. The possession of the lands by the defendant, claiming title in himself, at the time of the levy and sale under the plaintiff's execution, did not prevent the latter from acquiring such a title as will support this action. *Coleman* v. *Hair*, 22 Ala. 596.

WATTS & TROY, contra. — 1. A purchaser at sheriff's sale acquires only the title or interest which the defendant in execution had at the time of the levy and sale. *Cook & Hardy* v. *Webb*, 18 Ala. 810; *De Vendell* v. *Hamilton*, 27 Ala. 156; *Stevens* v. *King*, 21 Ala. 429. At the time of the levy and sale under the plaintiff's execution, Samuel W. Eddins had no interest whatever in the land. If the levy and sale under the defendant's execution, in 1866, did not divest all interest out of him, his bankruptcy in 1868 certainly had that effect.

2. A purchaser at sheriff's sale must show a valid judgment,

[Foster v. Moody.]

execution, sheriff's deed, and such title in the defendant as was subject to levy and sale. *Cook & Hardy* v. *Webb*, 18 Ala. 812; *Wilson* v. *Beard*, 19 Ala. 629; *Fawcett* v. *Kinney*, 33 Ala. 262; *You* v. *Flinn*, 34 Ala. 415; *Goode & Ulrick* v. *Longmire*, 35 Ala. 673. The discharge in bankruptcy of Samuel W. Eddins extinguished and satisfied the plaintiff's judgment; it was no longer a subsisting judgment, on which an execution could issue. At the time of the levy of the plaintiff's execution, the land had already been sold under Moody's execution, and Moody was in adverse possession under his purchase at that sale ; and the interest of the defendant in execution, if he had any, was a mere chose in action, and was not the subject of levy and sale. *Weir* v. *Davis & Humphries*, 4 Ala. 442; *Nelson* v. *Dexter & Allen*, 6 Ala. 68; *Lloyd* v. *Goodwin*, 8 Porter, 237. The plaintiff then failed to show any of the facts necessary to support his action.

3. The purchase at sheriff's sale by the defendant, in 1866, was regular and valid, and was so recognized by all the legal tribunals of the State at that time ; and his judgment is thus entitled to protection, as an executed judgment. If an act is legal and valid when performed, a subsequent change in the law cannot affect its validity. Retroactive legislation is not favored, and is not allowed to defeat vested rights, or to impair the validity of contracts. A change in the tribunal appointed to administer the law, should not be allowed a greater effect then a change in the law itself. This court has expressly recognized the validity of " Confederate judgments," when executed. *Griffin* v. *Ryland*, 45 Ala. 688; *Bryan.* v. *Horn*, 44 Ala. 880. Under the provisional government existing here from 1865 to 1868, all departments of the government recognized the validity of judgments rendered during the war, and allowed them to be enforced by execution ; and this court is bound to recognize the validity of the acts of the provisional government, except where congressional legislation has set them aside.

4. It is submitted, that the several decisions of this court, against the conclusiveness and effect of domestic judgments rendered during the war, are wrong in principle, and cannot be sustained on reason or authority. The ordinances of secession, and the subsequent hostilities between the different States of the Union, only interrupted their federal relations, and did not in any manner affect the administration of their domestic and local affairs. All legislative and judicial acts, affecting only the private affairs of citizens, and contracts made between them, except where forbidden by the constitution, or contrary to express legislation, should be upheld and sustained on principles of public policy and general law.

PETERS, C. J. — The evidence set out in the bill of exceptions shows that Foster rests his title on a sheriff's deed. This deed bears date January 14, 1871; and it is supported by a judgment, rendered in the circuit court of Tuskaloosa county, in this State, on the 25th day of March, 1867, in favor of Charles M. Foster, against Patrick H. Eddins and Samuel W. Eddins, for the sum of $4,083.08, damages, besides costs. In connection with the record of this judgment, the plaintiff also offered an attachment, issued out of the circuit court of said county of Tuskaloosa, against Samuel W. Eddins, which bears date October 18, 1865. This attachment was levied on the 18th day of October, 1865, the day of its date, upon the lands in controversy, as the property of said Samuel W. Eddins; but it does not appear that this attachment was any part of the suit in which the judgment above said was rendered, or that it was ever regularly disposed of. It was further shown by the plaintiff, that execution of *fieri facias* was regularly issued on his said judgment, and levied by the sheriff of said county of Tuskaloosa on the lands in controversy; and a sale thereof was regularly made, at which Foster became the purchaser of said lands on the 2d day of January, 1871, and title was made to him by deed, as above said. It does not appear whether the lands, so levied on and sold by the sheriff, as above said, were the property of Patrick H. Eddins, or of Samuel W. Eddins, or the joint property of both. At the time of said levy and sale, neither one of said defendants was in possession of said land; but the same was in the possession of said Moody, claiming title to the same by sheriff's deed, as follows: On the 22d or 23d day of September, 1862, a judgment was rendered, "in the circuit court of Tuskaloosa, Ala.," for the sum of $2,268.00 principal, and $108.00 interest, besides costs, in favor of said Moody, the appellee in this suit, against said Samuel W. Eddins. On the judgment last said several *fi. fa.'s* were issued — one on October 9, 1862, another, on September 9, 1865, another, on February 27, 1866, and still another on July 3, 1866. The *fi. fa.* last said was levied by the sheriff of said county of Tuskaloosa, on the lands in controversy, on the 1st day of August, 1866; and said lands were sold under said levy, by said sheriff, on the 3d day of September, 1866, and said Moody became the purchaser, and took the sheriff's deed, and went into possession of said lands under his said purchase, and claimed the same under said purchase and sheriff's deed. It was also shown by said Moody, defendant in the court below, that said Samuel W. Eddins and wife sold the lands sued for in this cause to one Benjamin Eddins, on the 14th day of October, 1851, and conveyed the same by deed to him of that date, which conveyance was duly acknowledged and recorded, as

[Foster v. Moody.]

then required by law. There was no objection, on either side, to any of this evidence; and upon it the court charged the jury that they must find for the defendant.

1. In this State, " Executions may be levied on real property to which the defendant has a legal title, or a perfect equity, having paid the purchase-money, or in which he has a vested legal interest, in possession, reversion, or remainder, whether he has the entire estate, or is entitled to it in common with others." Rev. Code, § 2871. And the purchaser at a sheriff's sale acquires only all the title and interest of the defendant in the property sold at the time of the levy and sale. *Doe d. Cook & Hardy* v. *Webb*, 18 Ala. 810; *O'Neal* v. *Wilson*, 21 Ala. 288; *De Vendell* v. *Doe d. Hamilton*, 27 Ala. 156. The statement of facts shows that, at the time of the institution of this suit, neither the one nor the other of the Eddins's, nor both together, were entitled to possession of the lands in controversy at the date of the appellant's purchase at the sheriff's sale under which he claims. He only succeeded to their rights, whatever they might be. Their title became by the sheriff's sale his title. Very clearly, they had no right to the possession, whether taken jointly or separately. And it was only their right that the appellant claimed. If this was insufficient for them, or either of them, to recover, it was also insufficient for Foster, who merely succeeded to their right. There was, then, no error in the charge of the court, as the Eddins's had no right of possession. The evidence does not show any legal title, or any such title as would pass by execution sale, in Eddins at the date of the judgment, or at the date of the levy or sale. He cannot then recover. *Brooks et al.* v. *Young et al.* 4 Ala. 584.

2. The judgment in favor of Moody, against Samuel W. Eddins, rendered in 1862, is not wholly a void proceeding. It has never been so treated by this court, or by the legislative authority. The general assembly has refused to allow such judgments to be " opened," unless on application to a court having jurisdiction, for probable cause, where meritorious defence was shown; and even this was not to be permitted after the 26th day of June, 1869. Pamph. Acts, 1868, p. 269, Act No. 48; Ord'n. No. 39, Pamph. Acts 1868, p. 186. And this court has placed them upon the footing of foreign judgments. *Martin* v. *Hewitt*, 44 Ala. 418. It is certainly the admitted doctrine, that no sovereign is bound to execute within his dominion a sentence or judgment rendered out of it, or by a foreign jurisdiction. But this is a matter within the control of the sovereign authority; and if it is permitted, as it certainly was during the existence of the provisional government in this State, that such judgments should be enforced by exe-

cution, this court cannot say that this was an illegal exercise of the sovereign power, where no fraud or irregularity is alleged. 2 Kent, p. 120, and note, marg. Then, Moody's purchase in 1866 was legal, and his possession under it was legal ; it was older and better than that shown by the plaintiff in the court below. He should, therefore, be protected. *Gray* v. *Brignordello*, 1 Wall. 627 ; also, *Russell* v. *Erwin's Adm'r*, 38 Ala. 44, 47, 48, and cases there cited.

I omit to notice any question raised upon the bankruptcy of Samuel Eddins. The decision in this case does not require it, and the argument of learned counsel has not made it quite clear what use they have sought to make of said bankruptcy proceedings in this suit.

It is not intended, in this opinion, in anywise to impeach or weaken the conclusions reached by this court in the case of *Martin* v. *Hewitt*, 44 Ala. 418. Here, the judgment was executed during the provisional government, by an officer of that government. I think the ordinance of November 29, 1867, No. 15, entitled "An ordinance for the confirmation of acts done by military authority in this State," was intended, and does cover such a case as this. This legislative command is in these words : "That all the official acts of public officers in this State, under the United States military authority, during the existence of the present provisional government, shall have the same force and validity as if the same had been done in the course of law." Pamph. Acts 1868, p. 167, Ord'n. No. 15. But, since the restoration of the legal government of the State, in conformity with the provisions of the acts of the congress of the United States, commonly called the "Reconstruction Acts," the judgments rendered in the courts of the rebel state governments erected in this State after the 11th day of January, 1861, cannot be enforced by executions issued thereon, without legislative authority.

The judgment of the court below is, for the reasons above given, affirmed.