# Chessen v. Harrelson.

### Action of Forcible Entry and Detainer.

1. *Forcible entry; prior possession.*—One fact absolutely essential to recovery in an action of forcible entry and detainer, the plaintiff having no title, is his actual possession of the lands prior to the defendant's alleged forcible entry.

2. *Proof of possession.*—The plaintiff having no color of title, the fact that defendant, many years before, agreed to sell him the land and surrendered the possession to him and that on three or four occasions during a period of fifteen years, plaintiff had cut and removed. or sold to others, who had cut and removed, timber from the land, does not show such actual possession as even land. valuable principally for its timber, reasonably admits of, and will not support an action of forcible entry and detainer.

3. *General reputation.*—General repute cannot establish any sort of possession.

APPEAL from Covington Circuit Court.

Tried before Hon. J. W. FOSTER.

This was a statutory action of forcible entry and detainer. The facts are stated in the opinion. The court below gave the affirmative charge for defendant. This ruling is assigned as error.

B. H. LEWIS, for appellant, cited, 3 Brick. Dig. p. 17, §29, and authorities; *Clements v. Hayes,* 76 Ala. 280.

MORGAN D. JONES, *contra,* cited, *Brady v. Huff,* 75 Ala. 80; *Clements v. Hayes,* 76 Ala. 280; *Espella v. Gottschalk,* 95 Ala. 254; *Knowles v. Ogletree,* 96 Ala. 558; 76 Ala. 128; *Farley v. Smith,* 39 Ala. 38; *Blackburn v. Baker,* 7 Por. 284; 7 Am. & Eng. Encyc. of Law, 120, and note 3.

[Georgia Home Insurance Company v. Allen.]

McCLELLAN, J.—One fact absolutely essential to plaintiff's right to recover is his *actual* possession of the land in controversy prior to defendant's alleged forcible entry upon it. Plaintiff had no color of title, and the only evidence of possession—aside from repute, which cannot establish any sort of possession, and the fact that defendant, many years ago, verbally agreed to sell him the land and thereupon surrendered possession to him, which facts do not prove *actual* possession—was that on three or four occasions, from 1875 to 1890, a period of fifteen years, plaintiff had cut and removed, or sold to others, who cut and removed, some timber from the tract of land. This was clearly not such possession as even this land, valuable principally for its timber, reasonably admitted of, and was, therefore, not such actual possession as was essential to plaintiff's recovery. And the judge below, in effect, properly so instructed the jury.

Affirmed.