# Fletcher, *et al. v.* Riley.

## *Ejectment.*

(Decided Nov. 22, 1906. 42 So. Rep. 548.)

1. *Ejectment; Directing Verdict; Sufficiency of Evidence.*—The evidence examined, and held too vague and uncertain to justify the giving of the affirmative charge for plaintiff, who claimed by reason of prior possession.

2. *Same; Possession; Authorizing Recovery.*—Where neither party has the legal title, in order to recover on a possession prior to that of defendant, the plaintiff must show a posssession continuing up to the time defendant entered, or a prior possession, and an animus revertendi.

[Fletcher, et al. v. Riley.]

APPEAL from Covington Circuit Court.

Heard before HON. H. A. PEARCE.

This is an action in ejectment begun by Riley, against Fletcher, et al. The general charge was given for the plaintiff and the defendant appeals. The facts are sufficiently stated in the opinion of the court.

FOSTER, SAMFORD & PRESTWOOD, and K. A. WHALEY, for appellant.—No brief came to the reporter.

S. H. GILLIS, for appellee.—No brief came to the reporter.

SIMPSON, J.—This was a statutory action of ejectment, brought by the appellee (plaintiff) against the appellants (defendants), to recover the N. E. 1-4 of S. E. 1-4, N. W. 1-4 of S. E. 1-4, S. W. 1-4 of S. E. 1-4, and S. E. 1-4 of S. E. 1-4 of section 23, township 4, range 15, in Covington county. These various subdivisions simply constitute together the S. E. 1-4 of said section.

The witness J. A. Riley, the husband of plaintiff, states distinctly, and reiterates it, that the land about which he is testifying is the N. E. 1-4 of section 23. His testimony thus appears to have no bearing on the land in controversy, though it would have been proper to submit to the jury the question whether he really did have reference to the land in controversy and was only confused as to the description. The witness Dock Jordan states that he does not know where the lines are, and, while he states that Morgan Riley went into possession of the S. E. 1-4 about 1850, yet he goes on to state that no one else has been in possession since his death in 1858, and on cross-examination states that he cannot say that the farm of late Morgan H. Riley extended into said S. E. 1-4. He shows conclusively that, while he had some knowledge of the possession by Morgan H. Riley of some land in that section, yet he is entirely uncertain as to whether the said S. E. 1-4 was included in his possession. The testimony of the witnesses Acree, Lewis, Straughn, Jackson, and Green is still less definite, and show at best only occasional acts

of riding over it, or surveying some lands in that section, and clearing some lands in that section. While the witness Padget states in the opening of his deposition that Ab Riley has been in possession of the land in question for the last 15 years, yet in his cross-examination he states that he rode over the land with Ab Riley in 1880, looking for stock, that Riley did not claim it then, that he had never seen him on the land after that, did not know of his ever surveying it or cutting wood on it, and that no one had been in possession of the land since 1880, until recently. The testimony of the defendant shows at least as unequivocal acts of possession by the defendants and those under whom they claim as was shown for the predecessors·of plaintiff, shows color of title under a chain of conveyances, including a tax deed, and negatives the possession of the plaintiff. ·

The evidence is entirely too vague and uncertain to justify the giving of the general charge in favor of the plaintiff. All the statements that are made as to acts of possession relate to the predecessors of the plaintiff. Where neither party has the legal title, the plaintiff, in order to recover on a possession prior to that of the defendant, must show a possession continuing up to the time when the defendant, or those under whom he claims entered or an animus revertendi.—*McCreary v. Jackson Lumber Co.,* 148 Ala. —, 41 South. 882. It results that the court erred in giving the general charge in favor of the plaintiff.

It is unnecessary to notice other errors assigned. The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.