E

# Smith *v.* Steiner & Lobman.

## *Ejectment.*

(Decided May 18, 1911. 55 South. 606.)

1. *Ejectment; Color of Title; Possession.*—Color of title to an entire 40 acre tract of land with actual possession of the north half, was insufficient to entitle plaintiff's recovery of the south half in ejectment, where such possession was not acquired until after defendant had acquired actual possession of such south half.

2. *Same; Surrender; Evidence.*—Proof that the defendant surrendered possession of the land in controversy to one S., without proof that such surrender was for the benefit of the plaintiffs or their grantors, was not sufficient to establish plaintiff's possession; especially, where it also appeared that the defendant continued in possession for many years thereafter.

3. *Same; Title; Possession; Evidence.*—Proof that a certain person prior to 1899, came into the neighborhood to look after the land in controversy for plaintiff's grantor, who held color of title, did not of itself show actual possession by plaintiff.

4. *Same; Recitals in Deed.*—A recital in a deed from the grantor to plaintiffs of a mortgage from S. to plaintiff's grantor was at best but prima facie evidence against the grantor and his privies, and was not evidence against one in possession of a part of land holding adversely.

APPEAL from Crenshaw Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Ejectment by Steiner & Lobman against John Smith. Judgment for plaintiff and defendant appeals. Reversed and remanded.

M. W. RUSHTON, for appellant. The patent was not admissible in evidence as it was not recorded, and even if it was admissible it was not binding on the defendant, as there was no evidence connecting appellee or those under whom they claim with it.—*Knabe v. Burden,* 88 Ala. 439; Sec. 3380, Code 1907. The deed of Flowers was a mortgagee's deed, and bears no evidence that the conditions had been complied with, and the appellant is not bound by the recitals in said mortgage or in said deed.—*Wood v. Lake,* 62 Ala. 489; *Naugher v. Sparks,* 110 Ala. 572. The deed from the Farley National Bank was not properly executed, as the seal of the corporation was not attached, and no written authority was shown to make the deed or to authorize the president to execute it.—*Am. S. & L. Assn. v. Smith,* 122 Ala. 505; *Norton v. Ala. Nat. Bank,* 102 Ala. 420; *Swann & Billups v. Miller,* 82 Ala. 530; *Ware v. Swann & Billups,* 79 Ala. 330; *Swann v. Gaston,* 87 Ala. 569. The burden was on the plaintiff to make out their case, and they did not do so.—*Florence B. & I. Assn. v. Schall,* 107 Ala. 531; *T. C. I. & R. R. Co. v. Tutwiler,* 108 Ala. 483. A mere color of title without actual possession of some part of the premises will not support ejectment even against a

[Smith v. Steiner & Lobman.]

trespasser, and appellant is not a trespasser.—*Gist v. Beaumont,* 104 Ala. 352; *Alexander v. Savage,* 90 Ala: 383; *Black v. T. C. I. & R. R. Co.,* 93 Ala. 259; *Stovall v. Fowler,* 72 Ala. 78. The court erred in excluding the evidence as to the possession of the defendant.—*Steed v. Knowles,* 97 Ala. 578; *Eagle Co. v. Gibson,* 62 Ala. 372. The defendant was in the adverse possession of the land when the deed from the Farley National Bank to Steiner & Lobman was executed, and the court should have excluded it.—*Murray v. Hoyle,* 92 Ala. 559; *Propst v. Busch,* 115 Ala. 495; *Jackson v. Singleton,* 122 Ala. 325; *Lower v. Baker,* 141 Ala. 602. It follows, therefore, that the court erred in giving the affirmative charge for the plaintiff as under the evidence, they were barred by the statute of limitation.—*Bozeman v. Bozeman,* 82 Ala. 389; s. c. 83 Ala. 416; Sec. 4834, Code 1907.

FRANK B. BRICKEN, and J. O. SENTELL, for appellee. A copy of the patent was admissible in evidence.— *Woodstock I. Co. v. Roberts,* 87 Ala. 436; *Beasley v. Clark,* 102 Ala. 254; Secs. 3979, 3980 and 4000, Code 1907. Possession or occupancy of land is a fact that a witness may testify to.—*Eagle Co. v. Gibson,* 62 Ala. 369; *Woodstock Co. v. Roberts, supra; Steed v. Knowles,* 97 Ala. 573. A general objection to evidence is properly overruled; 3 Mayf. 575. Where a party is in possession under it, a void deed is admissible to show claim under color of title.—*Gist v. Beaumont,* 104 Ala. 350. The defendant was not in adverse possession because of a failure to file notice as required by sec. 1541, Code 1896.—*Scales v. Otts,* 127 Ala. 582. The defendant was a simple trespasser, and when appellee showed actual possession to a part of this 40, the appellee's deed became admissible and sufficient to show posses-

[Smith v. Steiner & Lobman.]

sion of the entire 40.—*Bolling v. M. & O. R. R. Co.*, 128 Ala. 555 and authorities there cited. Being a trespasser, defendant could not set up that the deeds to appellee were void as to him.—Sec. 3839, Code 1907; 3 Mayf. 118.

ANDERSON, J.—This is an action of ejectment for the recovery of the S. ½ of S. W. ¼ of the N. E. ¼ of section 30, township 9, range 17. The plaintiffs never proved title to the land, nor actual possession of any part of the forty of which the land involved is a part, in their grantors or themselves, prior to the actual possession of the defendant.

They did show color of title to the entire forty, and attempted to show actual possession to the N. ½, and which, if true, would, under their color of title, extend their possession to the S. ½, if not in the actual possession of another. The plaintiffs did not show actual possession of the N. ½, in themselves or their vendors, prior to the defendant's actual possession of the S. ½.

The witness Browder did testify that Powell came down there, prior to 1899, to look after the land for Flowers, but this, of itself, did not show actual possession of the N. ½ of the forty, and the witness, on cross-examination, showed that Powell, nor any one else, had been in the actual possession of any part of the forty, before the defendant went into the actual possession of the S. ½ of same.

The plaintiffs also attempted to establish a possession by a surrender of possession by the defendant to Maj. Steiner, but which was denied by the defendant. It might be conceded, however, that this contention was true, yet the proof shows that the defendant continued in the possession many years thereafter, and it does not appear that the surrender to Maj. Steiner was for the benefit of plaintiffs or their grantors.

[Grant, et al. v. Nations.]

The deed from Flowers to the plaintiffs does recite a mortgage from certain Steiners to Flowers, but the proof does not show that Maj. "Genie Steiner" was one of the parties to the said mortgage, and, if it did, these recitals would at most be prima facie evidence only as against Flowers and his privies, and could not be evidence against this defendant.—*Ayers v. Roper,* 111 Ala. 651, 20 South. 460; *Naugher v. Sparks,* 110 Ala. 572, 18 South. 45. The plaintiffs not having shown title to the land or possession, either in themselves or their grantors, did not make out a case for the jury, and the trial court erred in not giving the general charge requested by the defendant, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SAYRE, and SOMERVILLE, JJ., concur.