(118 So. 585)

**PRESCOAT v. HESTER.** (8 Div. 919.)

Supreme Court of Alabama. Nov. 8, 1928.

Williams & Chenault, of Russellville, for appellant.

A. H. Carmichael, of Tuscumbia, for appellee.

Brief did not reach the Reporter.

FOSTER, J. Appellant brought this suit for the recovery of land against appellee. He claimed the land under a deed from W. H. Prescoat and wife dated in 1892. Plaintiff's evidence tends to show that W. H. Prescoat was in possession at that time; that Robert Prescoat, father of plaintiff, lived on the land after W. H. Prescoat moved off, but the evidence does not show when, nor does it show the circumstances of his leaving; only that Graham Williams, predecessor in title to defendant, followed Robert Prescoat in possession about 1901 or 1902. He was followed by successive claimants down to defendant. Each of them claimed possession, and did some act indicating such claim; all had color of title except Graham Williams. Witnesses made the general statement that such parties had possession, and testified that Graham Williams had the land cultivated by tenants from 1901 or 1902 until 1905, when he sold and conveyed to Kirschner and Orr, sawmill men who cut the timber on it, and had tenants on it; that in 1909 defendant bought, and received deed, from Kirschner, who had taken deed from Orr. At that time the land was fenced and a house was on it. Defendant planted the land one year, and after that for 10 or 12 years he salted his cattle on it about once a month, claimed it, paid taxes on it; and about three years before suit he inclosed a garden and sold timber. During that time plaintiff has not shown any reason for allowing defendant to make such claim or pay the taxes or perform such acts of possession. The salting of cattle alone may not be sufficient; but from 1901 or 1902 to 1909 or 1910 there was evidence of many acts of possession. These, with the continued claim by defendant, and no act of possession or claim by plaintiff, make a jury case.

■ Possession is a collective fact to which a witness may testify. Cooper v. Slaughter, 175 Ala. 211, 220, 57 So. 477; Burkett v. Newell, 212 Ala. 183, 101 So. 836; Paterson v. Patrick, 202 Ala. 363, 80 So. 445; Short v. De Bardeleben Coal Co., 208 Ala. 356, 94 So. 285; McMillan v. Aiken, 205 Ala. 35, 88 So. 135. Where neither party has the legal title, the plaintiff, in order to recover on possession prior to that of defend-

ant, must show a possession continuing up to the time when the defendant, or those under whom he claims, entered, or an animus revertendi. Fletcher v. Riley, 148 Ala. 236, 42 So. 548; McCreary v. Jackson, etc., Co., 148 Ala. 247, 41 So. 822.

■ Evidence of the collective fact of possession is sufficient proof thereof, unless it is shown that it is merely a conclusion and not based upon sufficient facts. When a witness enumerates possessory acts, not in themselves sufficient to show actual possession, but not shown to be the only possessory acts, and testifies further in general terms that the party was in possession, a question for the jury arises. McCreary v. Jackson, etc., Co., supra.

■■ It was also pointed out in the McCreary Case, supra, that one in possession of the land under color of title from those in possession could defeat a prima facie right in plaintiff by reason of his deed from one in possession, by showing an outstanding title with which neither of the parties connect themselves. The plaintiff offered in evidence a patent from the United States to John Fletcher Pride, with which neither party connects title. The jury could find from the evidence that defendant was not a trespasser but a purchaser under color of title. The case was therefore properly one for the jury to determine: (1) Whether the plaintiff, relying on prior possession in his grantor, and not showing a legal title otherwise, continued in possession until defendant's predecessor in title went into possession, or left with an animus revertendi (Fletcher v. Riley, supra; McCreary v. Jackson Lbr. Co., supra); and, if in favor of the plaintiff on that question, (2) whether the possession claimed by defendant and his predecessors ripened into title; or, if not, (3) whether defendant had possession at the time of suit under bona fide claim of purchase and color of title, and entitled to defeat plaintiff's claim with an outstanding title in a third party. The issue of possession and title were submitted to the jury, and they found for defendant. There was no motion for a new trial. The deeds under which defendant claimed were properly admitted and limited to color of title.

The record does not show at whose instance the given and refused charges were acted upon by the court.

The assignments of error are all controlled by the foregoing principles.

There is no error in the record of which appellant can complain.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.