166 So. 15

### LYONS v. TAYLOR et al.
### I Div. 857.

Supreme Court of Alabama.

Jan. 30, 1936.

Rehearing Denied March 5, 1936.

Gordon, Edington & Leigh, of Mobile, for appellees.

Geo. W. McRae and Wm. J. Young, both of Mobile, for appellant.

THOMAS, Justice.

This is the second appeal in a statutory action in the nature of ejectment. Lyons v. Taylor et al., 222 Ala. 269, 132 So. 171.

The defendant invokes the provisions of sections 7460–7463 of the Code as to improvements placed upon the lands, having

three years' adverse possession next before the suit was brought.

The case was submitted to a jury and resulted in verdict and judgment in favor of the plaintiffs.

The premises in question are situated on the south side of "the new road" that runs east and west on the line between sections 12 and 13, township 8, south of range 2 west. The Lyons residence is on the north side, and the store and dwelling, the mulberry tree, oak trees, and goat shed, referred to by witness, are on the south side of the public road within the inclosure of defendant and upon the lands involved in this suit. The evidence shows that the land south of the road was a part of the premises occupied and claimed by Harry Williams and his daughter, Mary B. Lyons, the grantor of defendant, and that they made such use of the lands as they were susceptible.

Defendant claims the property under a conveyance by his mother, Mary B. Lyons, of date of September 21, 1927, and was occupying the same thereunder when suit brought and at the time of the trial. Mrs. Lyons claimed title by an asserted adverse possession on her part for forty years or more (before the conveyance to her son), by inheritance from her father, Harry Williams, who was in actual occupancy, to the date of his death in 1879 or 1880, under purchase from McCurry about the year 1868. No conveyance or color of title from McCurry to Harry Williams was adduced in evidence. There was evidence, however, that said Williams purchased the lands from McCurry, immediately went into possession claiming as such purchaser, and lived on the property to the time of his death, and that possession was continued by his daughter, Mrs. Lyons; that the premises for which the suit was brought were within the curtilage of the old "McCurry Home" and the "Williams Home"; that Mrs. Lyons occupied and used the premises by an open, actual, and continuous possession until conveyance to her son, the defendant, Charles M. Lyons, in 1927; that she had the premises inclosed by a fence when the county constructed the new road which divided the premises. That is to say, the appellant-defendant insists that the great weight of the evidence "establishes an actual, continuous, open, notorious, adverse possession and user of the premises * * * by the defendant,

his mother, and grandfather, for more than sixty-seven years."

The trial court, on motion of defendant, having excluded certain deeds as muniments of title, permitted them to be given in evidence as "color of title" (Lyons v. Taylor, et al., 222 Ala. 269, 132 So. 171; Dorlan v. Westervitch, 140 Ala. 283, 37 So. 382, 103 Am.St.Rep. 35; Gist v. Beaumont, 104 Ala. 347, 16 So. 20) to the tract of about 1,500 acres "called the Kuppersmith tract." Plaintiffs insist that these evidences of color of title embrace defendant's store and dwelling; that predecessors in the claim of plaintiffs exercised acts of ownership over portions of the 1,500-tract by leasing and by granting rights to take oysters from the waters of the bay adjoining the lower part of the 1,500-acre tract.

There are well-established rules governing such actions:

The plaintiffs must recover on the strength of their own title and not upon the weakness of the title of the adversary. Gerald et al. v. Hayes et al., 205 Ala. 105, 87 So. 351; Smith v. Bachus et al., 195 Ala. 8, 70 So. 261; Wilson v. Glenn, 68 Ala. 383; Farley, Spear & Co. v. Whitehead, 63 Ala. 295; Brock et al. v. Yongue et al., 4 Ala. 584.

Actions of ejectment, or those in the nature thereof, are determinable upon the legal, and not the equitable, title. Caldwell v. Parmer's Adm'r, 56 Ala. 405; Clarady et al. v. Abraham, 174 Ala. 130, 56 So. 720; Lawrence v. Williams, 179 Ala. 596, 60 So. 889.

A conveyance by a grantor before the adoption of section 3839 of the Code of 1907 (Code 1923, § 7453) is void, unless his grantor was in the actual possession of the land sued for at the time the conveyance was made or that at such time there was no adverse claimant in possession. In Gerald et al. v. Hayes et al., 205 Ala. 105, 106, 87 So. 351, it was observed that, prior to the adoption of section 3839 of the Code of 1907, a conveyance of land in the possession of an adverse holder claiming to be in rightful possession thereof, though without color of title, is void as against the adverse holder of such premises. And Smith v. Steiner & Lobman, 172 Ala. 79, 55 So. 606, contains the statement that color of title to a larger tract of land, with actual possession of only a part is insufficient to entitle a plaintiff to

recover in ejectment that part of the land not actually possessed.

It is further established that the recitals of an ancient deed (free from suspicion) are prima facie evidence of the recited facts, and that the identity of names is likewise prima facie evidence of persons named in the conveyance. In such cases these questions are for the jury. McMillan v. Aiken et al., 205 Ala. 35, 42, 88 So. 135; Reichert v. Jerome H. Sheip, Inc., et al., 204 Ala. 86, 85 So. 267.

We have indicated that many of the ancient documents offered by plaintiffs were excluded on motion of defendant as muniments of title, but allowed in evidence for the purpose of showing color of title and the extent of a constructive holding thereunder.

The court admitted the deed from Madame Constance Cook, recited to be the legitimate daughter of Lewis F. Baudin, the son of Nicholas Baudin, of date of February 3, 1830, conveying an undivided eighth interest in L'Isle Mon Louis containing "about 14,360 arpens." The measure of land thus employed as stated in acres was defined in McMillan v. Aiken et al., 205 Ala. 35, 88 So. 135.

The deed from Andrew J. Hodge, Asa Holt, Mary E. Files and husband, and David J. Files, to Frederick Kuppersmith, of date of May 23, 1873, and duly recorded, purported to convey the southeast extremity of Mon Louis Island, containing 1,400 acres, and recited as the tract "heretofore claimed by the Mobile and Cedar Point Railroad Company, being the same undivided half interest conveyed to the said Asa Holt by Thomas S. Bates on the 10th day of July 1861." There was objection to this deed by the defendant, and motion to exclude on the ground that "it was not shown by the plaintiffs that the grantors named in the deed were in possession of the land therein described at the time it was executed, but, on the contrary, there was evidence that the land was in possession of other parties" at such time. The court overruled defendant's objection and motion to exclude. In this there was no error, as the conveyance was competent evidence of color of title; and exceptions were duly reserved by defendant without avail.

As we understand this evidence, the plaintiffs have failed to establish that the aforesaid grantors, or any one of them, were in the actual possession of the small tract of land in question at the time of the conveyances above noted, but that such lands were in the actual possession of one Williams, who established his homestead thereon; that said Williams was an ancestor of the defendant, and he was let into possession of these lands sued for in the year 1868 by his purchase of the lands or the improvements thereon from McCurry. In these rulings there was no error; the conveyances were good as color of title; the objections and motions were to exclude the instruments as evidence and not to limit as against the instruments as muniments of title.

The same objections and exceptions made to the introduction in evidence of the other deeds were made to the deed by the heirs of Thomas S. Bates to Frederick Kuppersmith of date of May 26, 1873, conveying an undivided one-half interest in said lands, and the further ground of objection that there was no proof of the fact of "who constituted the heirs of Thomas S. Bates, deceased." The ancient document recited that the grantors were the "heirs at law of Thomas S. Bates, late of Mobile County, Alabama, and that they have remised, released, sold and quitclaimed" to Frederick Kuppersmith "all the right, title and interest which they possess and is vested in them as legal representatives and heirs at law of Thomas S. Bates, late of Mobile County, Alabama, deceased." This recital in that ancient document was prima facie sufficient to indicate the heirship of the grantors. There was no error in admitting the Bates document under the several recitals of facts contained therein. McMillan v. Aiken et al., supra.

Plaintiffs' title is shown to further consist of a deed from Frederick Kuppersmith and wife to Adam Glass in 1898; that from Adam Glass and wife to Frederick Kuppersmith in 1898; that from Kuppersmith and wife to Charles S. Clarke, R. V. Taylor, Henry Tacon, and James Grey Thomas of date of September 10, 1898; that of Henry Tacon and wife to R. V. Taylor of date of November 30, 1914; the will of J. G. Thomas to his wife, Hattie E. Thomas; the will of the latter devising her lands to her son, James Grey Thomas, describing them as her "shares in the oyster lands lying in Herron Bay"; and other conveyances, as that from and through Harry T. Smith, as

trustee, to Richard V. Taylor, conveying interest in the particular lands "described and set forth in the deed from Frederick Kuppersmith and wife to Charles S. Clarke and others," and that from the Clarkes to R. V. Taylor in 1922. The objections, as framed to these several conveyances and that stated in the motion to exclude are without merit. It was stated by appellees' counsel that, if the conveyances admitted are not connected up, they will be ruled out on motion of appellant's counsel. Where the trial court so admits evidence and there is no further ruling requested or made, the question of the competency of the evidence cannot be raised on appeal. Alabama Power Co. v. Allen, 218 Ala. 416, 118 So. 662; 48 A.L.R. p. 488, note. Under such provisional introduction of evidence, defendant stood on his motion to exclude the conveyances named, and there was no error in the rulings made by the court.

The several conveyances from Kuppersmith to Clarke, Taylor, Tacon, and Thomas, and certain leases to tenants of the larger tract were before the statute, section 3839, Code of 1907, while the evidence discloses Harry Williams to have been in actual possession of the tract for which suit is brought and which he held and claimed in good faith to his death in 1879 or 1880 under his purchase from McCurry. Thereafter his daughter, Mary B. Lyons, continued such possession in her own right, openly, continuously, and adversely for more than ten years, and conveyed to her son who now holds the same. The plaintiffs cannot, under such facts, recover until they show they had acquired the actual possession of said lands and held the same by adverse possession under color of title for a period sufficient to divest defendant and his predecessors in title; that is, that plaintiffs' possession had ripened into title by adverse possession. We have examined the evidence carefully, and it is not shown that plaintiffs ever had possession of the small and particular tract in controversy.

■ The refusal of defendant's charge No. 21 for the misleading tendency in the use of the words "prima facie," was not error to reverse. Fidelity-Phenix Fire Ins. Co. of New York v. Murphy, post, p. 680, 166 So. 604.

■ In the refusal of charge 23, "The court charges the jury that the presumption of title arises in support of a peaceable possession under claim of title for twenty years," there was reversible error. The charge states the rule that a presumption of title and ownership arises under claim of title supported by an actual, uninterrupted, and peaceable possession for twenty years. Vidmer et al. v. Lloyd, 184 Ala. 153, 63 So. 943; Kidd et al. v. Browne, 200 Ala. 299, 303, 76 So. 65. In Stearnes v. Woodall, 218 Ala. 128, 130, 117 So. 643, is the observation that "without recognition of adverse rights, under doctrine of prescription, existence of all necessary elements of adverse possession or title is presumed"; that " 'In such a case the court, for the repose of society, will presume any state of the title in order to maintain a status of parties and property so long allowed to remain undisturbed.' Kidd et al. v. Borum, 181 Ala. 144, 61 So. 100, Ann.Cas.1915C, 1226." And in Tharp et al. v. Johnson et al., 219 Ala. 537, 122 So. 668, 676, it is said: "The presumption of title arises in support of a peaceable possession under claim of title for 20 years." A title by prescription is indicated in Jones et al. v. Rutledge et al., 202 Ala. 213, 80 So. 35; Grayson v. Muckleroy, 220 Ala. 182, 124 So. 217; Lyons v. Taylor et al., 222 Ala. 269, 132 So. 171; hence the reversible error in refusing this charge.

We are impressed that there was error in refusing to give the affirmative instruction sought by defendant. Lyons v. Taylor et al., supra. The court submitted to the jury plaintiffs' asserted title by adverse possession, the question of plaintiffs' actual prior possession of these premises on their part or on the part of their predecessors under whom they claim, and whether or not, if they had possession, it continued to the time the defendant entered and for the period necessary to give title. Chessen v. Harrelson, 119 Ala. 435, 24 So. 716; West et al. v. Chandler, 201 Ala. 260, 77 So. 674. It should be noted here that in Dodge v. Irvington Land Company, 158 Ala. 91, 48 So. 383, 386, 22 L.R.A.(N.S.) 1100, the rule is thus stated: "The general rule is that in ejectment the plaintiff must recover on the strength of his legal title, and not on the weakness of his adversary's title. To this general rule there is an exception, that prior possession is sufficient to sustain the action against a mere trespasser; but this exception does not extend as against a person in possession, claiming in his own right under color of title."

In Prescoat v. Hester, 218 Ala. 348, 349, 118 So. 585, Mr. Justice Foster stated the

pertinent general rules that obtain, as follows:

"Where neither party in ejectment action has legal title, plaintiff, in order to recover on possession prior to that of defendant, must show a possession continuing up to time when defendant, or those under whom he claims, entered, or an animus revertendi. * * *

"The jury could find from the evidence that defendant was not a trespasser but a purchaser under color of title. The case was therefore properly one for the jury to determine: (1) Whether the plaintiff, relying on prior possession in his grantor, and not showing a legal title otherwise, continued in possession until defendant's predecessor in title went into possession, or left with an animus revertendi (Fletcher v. Riley, 148 Ala. 236, 42 So. 548; McCreary v. Jackson Lbr. Co., 148 Ala. 247, 41 So. 822); and, if in favor of the plaintiff on that question, (2) whether the possession claimed by defendant and his predecessors ripened into title; or, if not, (3) whether defendant had possession at the time of suit under bona fide claim of purchase and color of title, and entitled to defeat plaintiff's claim with an outstanding title in a third party."

The refusal of the general affirmative charge to defendant is assigned as error. The record and evidence have been carefully examined, and we are impressed and hold that, under the rulings of the court on the admission of evidence and instructions given, the plaintiffs have failed to establish a good record title to the land sued for, have failed to show adverse possession and actual prior possession on the part of their predecessors in title, or by themselves, anterior and extending to the possession of the defendant. Hence they were not entitled to recover under the long and well established rules that obtain. The evidence shows that defendant was not a trespasser; that he makes a bona fide claim of purchase by his ancestor, Harry Williams, in 1868, by Williams' occupancy to his death in 1879 or 1880, by inheritance from his mother, Mary B. Lyons (daughter of Harry Williams), from 1880 to 1927, and of purchase by him from his mother

in 1927, coupled with a subsequent actual and continuous possession thereunder of the tract of land for which suit was brought to the date of the trial. The defendant is entitled to hold the land so actually claimed and held by his predecessors in title and by his purchase, under the rule of prescription and repose. This is the result in law and in fact, without regard as to how Mr. Williams purchased from McCurry, whether by deed conveying the tract of land, or by bill of sale or contract of sale for the improvements on the land. The fact of an unbroken possession of this land for more than sixty years raises the presumption of title in support of a peaceable possession had and enjoyed for the long period indicated by defendant and his predecessors in title. This foreclosed further inquiry of the nature of Williams' purchase in 1868. And the conflict in evidence as to whether that purchase was evidenced by a conveyance of the land or bill of sale or contract of sale to the house situated thereupon in 1868 presents no such conflict as requires the refusal of general affirmative instruction requested by the defendant.

Such are the views of the writer as to the refusal of the general affirmative charge requested by the defendant.

A careful re-examination of the record convinces all the Justices sitting that refused charge 23 was covered by the given charges.

Justices GARDNER, BOULDIN, BROWN, FOSTER, and KNIGHT are of the opinion that there were adverse tendencies of the evidence and the general affirmative instruction requested by the defendant was properly refused and the judgment should be affirmed.

Affirmed.

GARDNER, BOULDIN, BROWN, FOSTER, and KNIGHT, JJ., concur.

THOMAS, J., dissents on the question of the effect of the refusal of the affirmative charge.

ANDERSON, C. J., not sitting.