# Murray *v.* Hoyle.

## *Ejectment.*

1. *A charge assuming as true a disputed fact improper.*—A charge which assumes as true a material controverted fact is objectionable.

2. *Charge based on part of the evidence improper.*—A charge predicated on a part of the facts, leaving out other facts from which the jury might draw an inference opposed to the proposition asserted in the charge, is properly refused.

3. *Plaintiff in ejectment recovers on strength of his own title.*—When the plaintiff in ejectment relies on adverse possession of ten years and the defendant claims under conveyance made during such possession by the owner of record, and there is also evidence tending to show that during his occupation of the premises, plaintiff had offered to purchase them from the owner; it does not follow that because such deeds are void by reason of his adverse possession, he is entitled to recover since the weakness of his adversary's title confers no strength on his own.

4. *Adverse possession; elements of.*—To constitute adverse possession, there must be actual, notorious and continuous possession accompanied by claim of ownership and when any of these elements are wanting possession cannot ripen into title.

Vol. 97.

[Murray v. Hoyle.]

APPEAL from Mobile Circuit Court.

Tried before Hon. W. E. CLARKE.

This is the second appeal in this case, the former being reported in 92 Ala. 559. Plaintiff testified that he had been in the actual possession of the property since 1862, and had enclosed the same by a fence which was burnt in 1865, and rebuilt four or five years later, that he and his. family lived on the land, exercised acts of ownership over it and cultivated it. That he remained in open and continuous possession until May 29, 1889, when defendant entered on the land and placed some lumber thereon. That afterwards defendant recovered the land in an action of unlawful detainer, and plaintiff, by advice of counsel, then delivered the land to defendant.

Testimony for defendant tended to show that he purchased the land in May, 1889, entered into possession and soon thereafter in a conversation with plaintiff, the latter offered to buy the land, and asked him if some other lot would not do him as well.

Another witness for defendant testified that as agent of one Frederick, the owner, he had charge of the lot from 1882 to 1887, and whilst in such possession plaintiff asked witness to write to Frederick and see if he would sell the lot, and that plaintiff never claimed the lot whilst witness was in possession.

Defendant introduced in evidence three deeds conveying the property sued for, as follows :

Grinnell to Frederick, date 5th of August, 1867; Frederick to McKinstry, date 18th day of February, 1889; McKinstry to defendant, date 3d of May, 1889.

In rebuttal plaintiff denied having the several conversations with the witnesses, and testified that at the date of the deeds before described, he was in open, notorious, adverse possession of the land conveyed therein.

Upon the introduction of all the evidence, plaintiff requested the court to give the following written charges, and separately excepted to the refusal of the court to give each of said charges as asked: (1.) "The court charges the jury that if they believe from the evidence that the plaintiff actually used, occupied, and possessed said property described in suit, continuously, notoriously, and publicly against all the world, under a claim of ownership, for a period of ten years from the rebuilding of said fence, and thereafter continued in the actual occupation and possession of said property up to the date of the alleged conversation with Flannigan thereafter, then you must find a verdict for

[Murray v. Hoyle.]

the plaintiff." (3.) "The court charges the jury that if they believe from the evidence that the plaintiff was in the actual use and adverse possession of the property sued for on the date of the execution of the deed from Grinnell to Frederick, August 5th, 1867, claiming it as his property, then said deed would be void, and in that event, you must find a verdict for plaintiff." (6.) "The court charges the jury that if they believe from the evidence that the plaintiff was in the actual, open, notorious and adverse possession, use, and occupation of said property described in suit, claiming the same as his against all the world at the time of the execution of the deed by McKinstry to the defendant on the 22nd day of May, 1889, then said deed would be void, and, in that event, the jury must find for the plaintiff." At the request of defendant the court gave the following charges, to the giving of which the plaintiff separately excepted: (1.) "The court instructs the jury that to constitute adverse possession under the law, there must exist and concur four things, to-wit: *First*, there must be actual possession; *second*, continuous possession for a period of ten years; *third*, open and notorious possession; and *fourth*, such actual, continued, open, and notorious possession must be accompanied by a claim of ownership; and, unless the testimony of this case reasonably satisfies your minds that the plaintiff has been claiming said lot, and if his claim has been wanting in any one of these elements, you should find a verdict for the defendant." (2.) "The court instructs the jury that there can be no adverse possession without a claim of ownership on the part of the person asserting it; and unless you are reasonably satisfied from the evidence that plaintiff, in this case has been claiming the lot in this controversy as his property for a period of ten years before the commencement of this suit. you should find for the defendant."

W. E. RICHARDSON, for appellant, cited *Alexander v. Wheeler*, 69 Ala. 332; *Dawson v. Hoyle*, 58 Ala. 44; 3 Brick. Dig. 325; *Echols v. Hubbard*, 90 Ala. 309; *Alexander v. Savage*, 90 Ala. 383.

McINTOSH & RICH, and Jos. H. WEBB, *contra*, cited *Jones v. Field*, 83 Ala. 445; *Marble v. Lypes*, 82 Ala. 322; *Humes v. O'Brien*, 74 Ib. 84; *Moore v. Watts*, 81 Ala. 261; *Barnett v. State*, 83 Ala. 40; *Rutledge v. State*, 88 Ala. 85; *Dothard v. Denson*, 72 Ala. 541; *Potts v. Coleman*, 67 Ala. 221; *Ladd v. Dubroca*, 61 Ala. 25.

[Murray v. Hoyle.]

COLEMAN, J.—Hugh Murray, the appellant, instituted the statutory action of ejectment against the defendant to recover possession of a certain lot of land, particularly described in the complaint. The plaintiff relied upon a title acquired by an adverse holding for more than ten years. We have frequently held that the actual and continuous possession of land under a claim of ownership, openly and notoriously adverse and hostile to the legal title and all others for the statutory period of ten years is as efficacious to vest the fee in such holder as a deed of conveyance in fee from the true owner. A title thus acquired is sufficient to support the action of ejectment. *Echols v. Hubbard*, 90 Ala. 309.

The defendant introduced evidence of title derived by *mesne* conveyance from Grinnell, and controverted the evidence of the plaintiff upon which he relied to show that he held adverse possession of the premises for a sufficient period to invest him with a legal title.

The only assignments of error are predicated upon the refusal of the court to charge as requested by the plaintiff, and the charges given for the defendant.

When the case was here on a former appeal, reported in 92 Ala. 559, the record showed that the defendant Hoyle, prior to the present ejectment suit, recovered possession of the property from the present plaintiff in an action of *forcible entry and detainer*. The present record distinctly states that the action by Hoyle, by which he recovered possession of the property, was that of *unlawful detainer*. We can not account for the difference. Judging from the testimony stated in the record, we are of opinion that the present record is correct, and the action was for an unlawful detainer.

In considering the testimony on this appeal we are bound by the present record. Our statute defines an unlawful detainer to be "where one who has lawfully entered into possession of lands or tenements, after the termination of his possessory interest, refuses, on demand in writing, to deliver the possession thereof to any one lawfully entitled thereto, his agent or attorney."—Code, § 3381.

In *Bishop v. Truett*, 85 Ala. 376, it was held: "In the statutory action of ejectment, when the plaintiff relies on prior adverse possession only, a judgment rendered against him in an action of unlawful detainer in favor of the defendant in the ejectment suit, under which the plaintiff in the ejectment suit was dispossessed, is admissible evidence as showing that the continuity of his possession was broken, and as conclusive against him as to the character of his pos-

session at that time." As to the effect of a judgment for forcible entry and detainer see *Brady v. Huff*, 75 Ala. 80.

Actions of forcible entry and unlawful detainer are strictly possessory in their character, and a judgment for the plaintiff in such action, is *res adjudicata*, as to the fact of his actual possession prior to the forcible entry, or when the unlawful detention began.—*Nicrosi v. Phillipi*, 91 Ala. 299.

A person who acquires actual possession of land under a judgment rendered in his favor in an action for an unlawful detainer, is not guilty of a forcible entry or a trespass.

A charge which assumes as true a material controverted fact is objectionable and should be refused; so also a charge should be refused although it asserts a proper conclusion of law upon facts predicated in the charge, if there are other facts in evidence, not predicated in the charge, which if believed by the jury, would lead to a different result from that indicated in the charge requested to be given. The first charge requested by the plaintiff and refused by the court based the adverse holding "for a period of ten years from the rebuilding of said fence, and thereafter continued in the actual occupation and possession of said property up to the date of the alleged conversation with Flannagan thereafter, then you must find a verdict for the plaintiff." There are two references to facts as indicating certain periods of time mentioned in this charge, the "rebuilding of the fence" and the "alleged conversation with Flannagan." When was the fence built? The plaintiff and his wife testify to the rebuilding in the year 1865, but there is some testimony tending to show that it was built from the wreck of the steamer Maggie Burke, and it is agreed that the steamer was destroyed in the year 1879. It matters not that this testimony is not full and positive. It is not within the province of this court or the trial court to pass upon the weight of evidence. It was before the jury and it was their sole province to weigh the evidence. Again: When did the *alleged* conversation with Flannagan occur? No time is fixed in the record. Inferentially, we might conclude, it was some time between the years 1882 and 1887, as there is evidence tending to show that during the period from 1882 to 1887 Flannagan, as a real estate agent for Frederick, who claimed to be the owner of the lot, held the possession of the lot for Frederick, and he testified to having had one or more conversations with the plaintiff. But the plaintiff denied positively that he had any such conversation as that testified to by Flannagan. If the court had been requested to charge the jury, that if they believed from the evidence that plaintiff

was in the actual, open, notorious possession of the property in the year 1865, claiming it as his own, and continued in such possession until the year 1882, or 1887, or some definite time of sufficient duration to give him a legal title, the charge in this respect might have been free from error, but to make the beginning of his possession depend upon a disputed fact, and end at a time not proven, rendered the charge defective, and it was properly refused.

The second and third charges refused, numbered 3 and 6 in the record, will be considered together as they present the same question. The first of these two latter charges asserts the proposition, that if the deed from Grinnell to Frederick, executed in the year 1865, was void, the plaintiff was entitled to recover, and the other asserts the proposition that if the deed from McKinstry to defendant, executed on the 23rd day of May, 1889, was void, the jury must find for the plaintiff. So far as these charges asserted the invalidity of the respective deeds upon the facts predicated, the conclusion was correct, and to this extent the charges were free from error. But it does not follow as a legal consequence that plaintiff was entitled to recover possession, if one or both of these deeds were void. The plaintiff must recover in this action upon the strength of his own title and not upon the weakness of his adversary. The plaintiff relied solely upon a title which had its inception in an adverse holding and it devolved upon him to show that it continued uninterrupted for the statutory period necessary to perfect his title into a fee.

If the jury had believed one phase of the testimony in this case they might well have found both the deeds void, and yet have found that the plaintiff was not in the adverse possession of the land, claiming it in his own right and in hostility to the right of the defendant or those through whom he claimed, continuously for a period sufficient to vest in him a legal title. There is certainly an abundance of testimony, if believed, which shows an offer by the plaintiff to purchase the lot, from the defendant or those from whom he derived his claim, and to exchange another lot for the one in controversy, and that plaintiff set up no claim to the lot. This evidence if believed by the jury tended to show that his possession was not under a claim in his own right, and adverse to plaintiff's title.

We find no error in the charges given for the defendant. They are in harmony with the decisions of the court as to what is necessary to constitute adverse possession.—*Humes v. Bernstein,* 72 Ala. 546; *Dothard v. Denson, Ib.* 541.

The assignments of error are not well founded and the case must be affirmed.

Affirmed.