# Giddens & Co. v. Rutledge.

## Detinue.

(Decided April 28, 1906.   40 So. Rep. 759.)

1. *Witnesses; Impeachment; Inconsistent Statements.*—When a witness has testified that certain property never did belong to defendant, it may be shown, proper predicate having been laid, that such witness had made other and contradictory statements concerning the same subject matter; not as substantive testimony for or against title, but as affecting the credibility of the witness.

2. *Certiorari Bond; Appeal; Amount.*—A motion to require additional security, rested on the ground that the penalty of the bond was only $100.00, and the costs at that time amounted to more than $215.00, was properly refused, when it appears that at the time the certiorari bond was made there was no money judgment against the party appealing, and the costs amounted to only $32.35, and that the bond was made in substantial compliance with Secs. 482-483, Code 1896.

APPEAL from Montgomery Circuit Court.

Heard before HON. J. C. RICHARDSON.

This was an action begun by plaintiff against defendant in the justice court to recover some cows and calves. The justice rendered judgment for the plaintiffs, and the defendant, having allowed the five days to elapse without taking an appeal, applied to the judge of probate for a certiorari to carry the case to the Montgomery circuit court, where the cause was tried and judgment rendered for the defendant. The certiorari bond was executed in the amount prescribed by the judge of probate. The plaintiffs moved the court to require the defendant to give an additional or other bond, basing their contention on the ground that the bond was only for $100, and that the costs in the case had already reached the sum of $200. The court denied the motion, and from a judgment for defendant and the denial of the motion, this appeal is prosecuted.

GOODWIN & MCINTYRE, for appellant.

HILL, HILL and WHITING, for appellee.

[Giddens & Co. v. Rutledge.]

DENSON, J.—The plaintiff's witness, Dan Stewart, having testified on his examination in chief that the cows "never at any time belonged to the defendant," it was competent for the defendant, after laying the predicate, as she did, to prove by Webster that Dan Stewart told him in December, 1901, that he could not sell the red cow, Hattie, because she belonged to his sister-in-law, Florence Rutledge (the defendant). This was not substantive evidence of the title or lack of title, but was proper evidence to be considered by the jury, in connection with the other evidence, in determining the credibility of Stewart's testimony. It was a discrediting circumstance. The court put this limitation upon it, and there was no error in admitting it, limited as it was.

The only other assignment of error insisted upon relates to the refusal of the court to require the defendant (appellee) to make an additional certiorari bond. The motion to require the additional bond was rested solely upon the ground that the penalty of the bond was only $100 and the costs at the time the motion was made had reached the sum of $215. The plaintiffs obtained judgment for the possession of the cows sued for, and, having executed a replevy bond on the failure of the defendant to replevy, plaintiffs had possession at the time the judgment was rendered by the justice, so no money judgment was rendered against the defendant, except as to the costs of the suit, and this amounted to only $32.38. The penalty of the bond was $100 and was fixed by the judge of probate who granted the certiorari. The bond was executed in substantial conformity to §§ 482 and 483 of the code of 1896, and reversible error cannot be predicated on the court's ruling on the motion. The motion in the case of *Orr v. Sparkman,* 120 Ala. 9, 23 South. 829, was rested upon the ground that the bond was not conditioned as the statute prescribes, so it is not authority which should control under the facts shown in the case at bar.

No error appearing in the record, the judgment appealed from will be affirmed.

Affirmed.

HARALSON, DOWDELL, and ANDERSON, JJ., concur.