# Hale *v.* Chandler.

### *Ejectment.*

(Decided April 24, 1913.  61 South. 885.)

1. *Ejectment; Former Judgment; Conclusiveness.*—At common law a judgment in ejectment did not confer title upon the successful party and was not evidence of title in a subsequent action between the same parties.

2. *Same.*—Where a plaintiff in ejectment claims possession under a contract of purchase from a third party, but showed no other title, a judgment in a previous action of ejectment, brought by a defendant, against plaintiff, rendered in favor of defendant, established the fact that defendant was claiming under color of title and was good against plaintiff, as prior possession is sufficient proof of title against a contract purchaser.

3. *Same; Title.*—As against any one but a bona fide purchaser a plaintiff in ejectment must recover on the strength of his own legal title and not on the weakness of that of his adversary.

4. *Estoppel; Recital in Deed; Third Party.*—The recitals in a quit claim deed cannot affect a person who is a stranger to the instrument.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Ejectment by Clark Hale against William Chandler. Judgment for defendant and plaintiff appeals. Affirmed.

[Hale v. Chandler.]

E. O. McCord and O. B. Roper, for appellant. The quitclaim deed offered by Chandler was void because Clark Hale was in adverse possession at the time it was made and at the time it was recorded.—*Mahan v. Smith*, 151 Ala. 482; *Bernstein v. Humes*, 60 Ala. 503; section 10, Code 1907. The deed was also void because not recorded within thirty days under sections 1005-1006, Code 1896. The former recovery did not preclude plaintiff from recovering here.—15 Cyc. 69; *Barrett v. McCarty*, 157 Ala. 449; *Camp v. Forrest*, 13 Ala. 117; *Lyons v. Stickney*, 54 South. 496; *Hawes v. Rucker*, 94 Ala. 166. The court was therefore in error in admitting said deed.

Geo. D. Motley, for appellee. The fact that the defendant recovered the land against the plaintiff and was placed in possession of the land shows that he was not a trespasser and the court properly admitted the judgment as evidence of that fact.—*Bernheim v. Horton*, 103 Ala. 380; 15 Cyc. 189; 1 Cyc. 1020; 35 Calif. 316; 62 Am. St. Rep. 340; *Bishop v. Truett*, 85 Ala. 376. One claiming under a quitclaim deed cannot claim protection as a bona fide purchaser.—*Wood v. Holly*, 100 Ala. 326. Both parties claim title from the same source and neither can dispute the title of the common source and the defendant having the older deed the title is in him.—*Bernheim v. Horton, supra.*

SAYRE, J.—Plaintiff, who takes this appeal from a judgment in favor of the defendant, undertook to show title by proving that he had been in possession of the land in suit with claim of ownership under a parol contract of purchase from Steele; his possession covering the period from November, 1904, to February, 1912, when he had been dispossessed by the defendant.

He offered no evidence tending to show possssion in Steele prior to the date on which the latter stood upon the property and delivered possession to him. Defendant showed a judgment for the property rendered in his favor against plaintiff in October, 1910. He was, of course, in possession at the time of this suit.

Appellant urges as error the admission of the judgment against him in the former suit. His possession had not endured for that period of time requisite to the vesting of title under the statute of limitations. At common law the rule was that a judgment in ejectment did not confer title upon the successful party, and was not evidence of title in a subsequent action even between the same parties.—*Hawes v. Rucker,* 94 Ala. 166, 10 South. 85; *Camp v. Forrest,* 13 Ala. 114. Under our statute two judgments in favor of the same defendant are necessary to bar an action for the recovery of land, between the same parties or their privies, founded on the same title.—Code, § 3858. Appellant's theory then is that his possession, antedating defendant's judgment, was evidence of a superior title which the judgment did not tend to disprove. But prior possession is sufficient proof of title against a bare trespasser only. In ejectment title is always involved. "Recovery is not allowed upon prior possession per se, strictly speaking, but on the title which prior possession evidences. It is a basis of recovery against a trespasser, not because of the abstract fact that the plaintiff has previously occupied the land, but because of the presumption of title in the plaintiff which that fact raises."—*L. & N. v. Philyaw,* 88 Ala. 269, 6 South. 838. The judgment in ejectment did not prove title in the defendant, but it established the fact that he held under bona fide claim and color of title, not as a trespasser,

and deprived plaintiff's mere prior possession of all significance as evidence of title.

The recitals of Bowdry's quitclaim to defendant as to the source and character of his title did not affect plaintiff, who was a stranger to that instrument. It is clear therefore that it showed no title in defendant. While it thus appears that neither party proved title, the rule in ejectment that the plaintiff, as against any one but a bare trespasser, must recover on the strength of his own legal title, and not on the weakness of his adversary's, made a judgment for defendant proper and necessary.—*Bernheim v. Horton,* 103 Ala. 380, 15 South. 822.

If there was error in admitting Bowdry's quitclaim, it was of no consequence. If it had been excluded, defendant would still have been entitled to a judgment on the undisputed evidence.

The judgment rendered in the trial court evidenced a correct application of the law to the facts, and will be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.