(77 South. 674)

WEST et al. v. CHANDLER. (7 Div. 884.)

(Supreme Court of Alabama. Nov. 15, 1917. Rehearing Denied Jan. 24, 1918.)

EJECTMENT ⬦═95(1)—EVIDENCE—PRIOR POSSESSION.

In statutory action in nature of ejectment, evidence as to prior actual possession by plaintiff *held* insufficient to make a prima facie case for him.

Appeal from Circuit Court, Etowah County; John H. Disque, Judge.

Action by William Chandler against Charles West and Lee Friebaum. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Statutory action in the nature of ejectment, brought by appellee against the appellants before the court without a jury, and resulting in a judgment for the plaintiff, from which the defendants prosecute this appeal. The suit was against Charles West and Lee Friebaum to recover lots 4, 5, 6, and 7, in block 5, as described in the Clapp subdivision of the Clayton addition to Alabama City, Etowah County, Ala. Plaintiff's claim of title consisted of a deed from one A. J. Clapp to William Wells, and a deed from said Wells to plaintiff. Plaintiff's testimony tended to show that at the time he got the deed the land was "in the woods, in an old field like, pine thicket, briars, and is still in this condition"—no buildings or inclosure. There was no evidence tending to show that William Wells was ever in possession of this property, nor was there any evidence offered to show that he owned the legal title thereto, or that A. J. Clapp ever was in possession of the property, or had any title thereto.

J. S. Franklin, of Gadsden, for appellants. Motley & Motley, of Gadsden, for appellee.

GARDNER, J. The plaintiff offered no proof to show that his grantor or those through whom he claimed title had ever had possession of the property sued for, nor did he offer proof tending to show complete title in his grantor. For the purpose, therefore, of making out a prima facie case for recovery, plaintiff rested—we presume, upon proof of prior actual possession, under the rule announced in Dodge v. Irvington Land Co., 158 Ala. 91, 48 South. 383, 22 L. R. A. (N. S.) 1100; also Louisville & Nashville R. R. Co. v. Philyaw, 88 Ala. 264, 6 South. 837; Vidmer v. Lloyd, 193 Ala. 386, 69 South. 480, Ann. Cas. 1917A, 576.

The evidence upon the question of the prior actual possession of the plaintiff has been carefully considered by the court in consultation, and we have reached the conclusion that the testimony was insufficient in this respect to make out a prima facie case for the plaintiff under the principle of the above-cited authorities. We therefore conclude there was error in the trial court entering judgment for the plaintiff, and, in the exercise of our discretion, we think it advisable to remand the cause for another trial, rather than render judgment here. The judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.