(87 South. 196)

ELLARD v. GOODALL.   (2 Div. 728.)

(Supreme Court of Alabama. Nov. 18, 1920.)

1. **Appeal and error** ⬅➡843(1), 1027—**Appellant cannot complain of errors as to count he recovered on except as to amount.**

In an action in trespass and trover and for the statutory penalty for cutting trees, a verdict for plaintiff for $2.50, being less than the statutory penalty for one tree, could only be referred to the other counts, and plaintiff could only complain of error affecting his right to recover under the statutory counts or the amount of recovery under the other counts.

2. **Trespass** ⬅➡45(6)—**Trover and conversion** ⬅➡38—**Evidence that trees cut by timber grantee were used on the land held admissible.**

In an action in trespass and trover and for the statutory penalty for cutting trees, evidence that they were not removed from plaintiff's land, but were used in constructing a causeway the construction of which· was authorized by a timber deed, was admissible on the question of conversion and as bearing on the amount of damages, and, under the trespass counts, to negative or mitigate the damages to the freehold.

3. **Appeal and error** ⬅➡1033(3)—**Plaintiff not entitled to complain that court limited defendant's evidence.**

In trespass and trover and for the statutory penalty for cutting trees, where evidence offered by defendant was admissible on the question of conversion and under the count for trespass, plaintiff could not complain that the court confined it to the counts for conversion.

4. **Evidence** ⬅➡471(5)—**Testimony that defendant's agent said plaintiff would object to cutting of trees properly excluded as opinion.**

In an action for cutting trees, testimony that defendant's agent told the workmen that plaintiff would "raise sand" about the cutting of the trees, but to go ahead and cut them, was properly excluded, as this was a mere opinion of ‚the agent unaccompanied by any facts or declarations explaining or elucidating it.

5. **Appeal and error** ⬅➡1056(4)—**Exclusion of evidence harmless where verdict involves finding for complaining party as to particular fact.**

In an action for cutting trees, if testimony that defendant's agent told the workmen that plaintiff would "raise sand" about the cutting was admissible as showing his consciousness or appreciation of the fact that plaintiff had not consented to the cutting or had objected or would object, its exclusion was harmless, where the jury found in his favor for a small amount of damages, thus in effect finding that he had not consented.

6. **Trespass** ⬅➡45(6) — **Statement of defendant's agent that plaintiff would object to cutting of trees immaterial.**

In an action in trespass and trover and for the statutory penalty for cutting trees, evi-

dence that defendant's agent said plaintiff would "raise sand" about the cutting was immaterial on the question of defendant's liability for the statutory penalty.

**7. Trespass ⚖⇒63—Cutting of trees does not justify statutory penalty if not knowingly and willfully done.**

If a grantee of timber in cutting undersized trees for the construction of a roadway authorized by the deed did not act knowingly and willfully, but under the honest belief that he had a right to cut them under the deed, he was not liable for the statutory penalty under Code 1907, § 6035, though they were cut without plaintiff's consent and under circumstances rendering defendant liable for punitive damages.

**8. Trespass ⚖⇒45(6)—Timber deed held admissible as bearing on motive and liability for punitive damages.**

In an action against a grantee of timber in trespass and trover and for the statutory penalty for cutting undersized trees in the construction of a roadway authorized by the deed, though the deed did not authorize the cutting, it was admissible as bearing on the motive and intent with which the trees were cut and on the question whether the cutting was an aggravated, rather than an ordinary, trespass carrying punitive damages.

**9. Trial ⚖⇒256(7)—Instruction as to consent to cutting of trees not negativing withdrawal not reversible error in absence of request.**

In an action for cutting trees, an instruction to find for defendant if plaintiff consented, if misleading because not negativing plaintiff's subsequent withdrawal of his consent, was not reversible error, as the misleading effect could have been removed by a counter explanatory charge.

**10. Appeal and error ⚖⇒1068(1)—Instruction to find for defendant on specified hypothesis harmless where jury found for plaintiff, though for insufficient amount.**

In an action for cutting trees, an instruction to find for defendant if plaintiff consented to the cutting, if erroneous, was harmless, where the jury found for plaintiff, thus finding that he did not consent, though awarding damages unsatisfactory to plaintiff.

**11. Trial ⚖⇒194(10)—Instruction to find for plaintiff if defendant cut trees without plaintiff's consent held to invade province of jury.**

In an action against a grantee of timber in trespass and trover and for the statutory penalty for cutting trees, instructions in effect to find for plaintiff if defendant cut the trees without plaintiff's consent were properly refused as invading the province of the jury with respect to the statutory penalty, where the jury might have found that the trees were cut under the honest belief that defendant had a right to cut them.

**12. Trespass ⚖⇒68(2) — Instruction properly refused as meaningless.**

In an action in trespass and trover and for the statutory penalty for cutting trees, an instruction, "If you believe the evidence in this case, that the plaintiff did not consent to the cutting of any pine trees under 12 inches in diameter at the ground that may have been cut from said land, if any, in 1917," was properly refused as involved and meaningless.

**13. Appeal and error ⚖⇒1068(5)—Refusal of affirmative instruction that plaintiff did not consent to cutting of trees harmless where jury so found.**

In an action for cutting trees, the refusal of an affirmative instruction that there was no consent to the cutting, if erroneous, was harmless, where the jury found for plaintiff for a small amount of damages, thus finding that there was no consent.

Appeal from Circuit Court, Perry County; B. M. Miller, Judge.

Action by D. H. Ellard against Thomas Goodall for the statutory penalty for cutting 247 pine trees in trover for the conversion of the same and in trespass. Judgment for plaintiff in an insufficient sum, and he appeals. Affirmed.

The timber contract and the pleading, together with the evidence, will be found in former report of this case. 203 Ala. 476, 83 South. 568. The other facts sufficiently appear from the opinion, with the following exceptions: The remarks of John Watts were sought to be proven by plaintiff by the witness Ves Holbron to the effect that at the time of the cutting of some of the pine saplings some of the men said, "Let's not cut these trees, boys," and that John Watts, the woods boss of the defendant, said, "Go ahead, boys, and cut it; he will raise sand about them, but go ahead and cut them." The following charges were given for the defendant:

(4) If you believe from the evidence that D. H. Ellard consented for the defendant, Thomas Goodall, or his employees, to cut the pine saplings or trees, to be used in making the crossway over the swamp, then your verdict must be for the defendant.

(6) A duplicate of 4.

The following charges were refused to the plaintiff:

(4) If you are reasonably satisfied from the evidence that Goodall, his servants or agents cut any pine trees under 12 inches in diameter at the ground on any part of the plaintiff's land and outside of any right of way used or made thereon by the defendant, it would be your duty to return a verdict for the plaintiff for $10 for each tree so cut, if any were so cut, unless you are reasonably satisfied from the testimony in the case that plaintiff consented for them to be cut.

(11) If you are reasonably satisfied from the evidence that in July, 1916, Ellard told Watts in the presence of Mrs. Ellard not to cut any pine trees under 12 inches in diameter at the ground, and that in 1917 Goodall's employees cut from Ellard's land 121 pine trees

less than 12 inches in diameter at the ground outside of any road or right of way made or used by Goodall, you should return a verdict for the plaintiff, not less than $1,210, with the interest thereon from the date of the cutting of such trees, if any such trees were cut.

(12) If you believe the evidence in this case, that the plaintiff did not consent to the cutting of any pine trees under 12 inches in diameter at the ground that may have been cut from said land, if any, in 1917.

R. B. Evins, of Greensboro, J. T. Fuller, of Centerville, and A. W. Stewart, of Marion, for appellant.

The plaintiff had a right to take this appeal. 10 Ala. App. 637, 65 South. 704. The court erred in not admitting what Watts said at the time of the cutting. 72 Ala. 112, 47 Am. Rep. 403, and cases there cited. Charges 4 and 6 should have been refused to the defendant. 85 Ala. 512, 5 South. 221; 115 Ala. 334, 22 South. 163. The court should have given charges 4 and 11 for the plaintiff. 129 Ala. 228, 30 South. 324.

Lavender & Thompson, of Centerville, for appellee.

Plaintiff cannot maintain this appeal. 152 Ala. 549, 44 South. 650; 171 Ala. 216, 55 South. 93; 100 Ala. 138, 14 South. 634; section 6035, Code 1907. The statute, being penal, must be strictly construed. 107 Ala. 640, 18 South. 266; 129 Ala. 189, 29 South. 836; 195 Ala. 56, 70 South. 157. The cutting must not only be willfully done, but knowingly done. 30 A. & E. Enc. Law, 530; 8 W. & P. 7469 and 7480; 125 Ala. 89, 28 South. 505; 141 N. Y. 538, 36 N. E. 593; 36 W. Va. 729, 15 S. E. 982, 18 L. R. A. 224; 84 Wis. 135, 53 N. W. 1121; 13 Ala. 131. Under these authorities the court was not in error in any of its rulings.

ANDERSON, C. J. This is the second appeal in this cause, and the timber contract was construed and most of the legal questions settled in the first opinion. 203 Ala. 476, 83 South. 569.

Upon the second trial the gum trees or saplings were eliminated, and the plaintiff's claim for a recovery was confined to the pine saplings cut by the defendant under the size covered in the sale contract and not located within the bounds of the right of way as authorized and provided for in said contract. The complaint contained many counts, including the statutory penalty for cutting trees, trover for the conversion of plaintiff's timber or saplings, and trespass quare clausum fregit. There was verdict and judgment for the plaintiff for $2.50, and, being dissatisfied, he prosecuted this appeal.

[1] The verdict, being for only $2.50, negatives a finding by the jury for plaintiff under the counts for the statutory penalty which fixes the amount of recovery at $10 per tree. Therefore the verdict can only be referable to the other counts, and, as the plaintiff recovered a judgment under said other counts, or one of them, not specified in the verdict, he could only complain of errors that may have occurred affecting his right to recover under the statutory counts, or of those which may have affected the amount of his recovery under the counts upon which he did recover.

[2, 3] As we understand the opinion upon former appeal, it does not attempt to affirmatively hold that the defendant was liable for the statutory penalty for cutting the pine saplings not within the right of way and not within the contract if the cutting was done without the consent of the plaintiff. The court merely held that the defendant was liable for cutting said saplings without the consent of the plaintiff. Nor did the court in the former opinion hold that it was not permissible for the defendant to show that the saplings were left on the plaintiff's premises and used as a causeway for making or improving a road on the plaintiff's land. The fact that the saplings were not removed from the land and were used for the benefit and improvement of same was clearly admissible as bearing upon the question of a conversion of the plaintiff's property after severance from the land and the quantum of damages, also under the trespass counts to negative or mitigate the damages to the freehold. True, the trial court confined this evidence to the conversion counts, but that is a ruling of which the defendant, and not the plaintiff, can complain.

[4-7] We cannot reverse the trial court for not permitting in evidence certain remarks of defendant's agent "John Watts" expressive of his opinion as to the effect the cutting of the pine saplings would produce upon the plaintiff's mind. Conceding, without deciding, that said remark was a part of the res gestæ and was not offensive to the rule against the declaration of agents as to past transactions, etc.: In the first place, this was the mere opinion of John Watts, and unaccompanied by any facts or declarations explaining or elucidating same. We cannot see the relevancy of same. Moreover, if it be construed as a consciousness or appreciation on the part of Watts that the plaintiff had not consented to the cutting or had objected to same or would object, the plaintiff cannot complain of the exclusion of same upon this theory of the case, as the jury returned a verdict for him, thus, in effect, finding that he had not consented to the cutting, as the trial court had instructed the jury that, if they found that the plaintiff consented to the cutting, he could not recover at all. On the other hand, the fact that Watts may have thought that plaintiff would "raise sand" about the cutting could have no material bearing upon the defendant's liability under

the statutory penalty count. If the plaintiff's act in directing the cutting was not knowingly and willfully done and without the consent of the plaintiff, he was not liable for the penalty, notwithstanding the circumstances of the cutting may have been such as to render him liable for punitive as well as actual damages for the acts and conduct of his servants. In other words, if the defendant entertained the honest belief that he had the right to cut and use the saplings for the construction of a roadway over the land, which said roadway was authorized by the contract, and which was a question for the jury, it mattered not whether the plaintiff consented to the cutting or not, he was not liable under section 6035 of the Code of 1907. Ellard v. Goodall, 203 Ala. 476, 83 South. 568; Glenn v. Adams, 129 Ala. 189, 29 South. 189; Russell v. Irby, 13 Ala. 131. True, the defendant was charged with knowledge of the law, and a mistaken opinion on his part that his contract authorized him to use these saplings upon the roadway would not relieve him from legal liability, or perhaps punitive damages under certain circumstances, but if he entertained an honest belief, in the opinion of the jury, that he was asserting a legal right, his conduct would not amount to such a willful or knowing cutting as to penalize his conduct under the statute.

[8] There was no error in permitting the timber contract in evidence, as it had a material bearing upon the rights and conduct of the parties. True, we held upon the former appeal that the contract did not embrace the pine saplings now involved, but the entry upon the land and the cutting of the timber thereunder was so connected with the acts complained of as to make the contract admissible as an exponent of the motive and intent which accompanied the alleged wrong and was a factor in determining whether the defendant entertained an honest belief that he had the right to cut the saplings in question and was or was not liable for the statutory penalty or whether or not his conduct was an aggravated, rather than an ordinary, trespass which carried punitive damages under the trespass counts.

[9, 10] The appellant makes quite an extended criticism of charge 4, given for the defendant, upon the theory that it was abstract or misleading, in that there was no consent, or, if there was, the undisputed evidence showed that the plaintiff recanted and so notified the defendant's agent before the cutting of the saplings in question. It is sufficient to say that the charge was not abstract, as there was evidence of a consent, and, if it was misleading for not negativing a subsequent withdrawal of the consent, this would not necessarily render the giving of same reversible error, as the misleading effect could have been removed by a counter

explanatory charge. Moreover, if it be conceded that said charge was erroneously given, it was error without injury, as the jury found for the plaintiff, and, in effect, found that he had not consented to the cutting. This comment is also applicable to defendant's given charge 6, which is practically a duplicate of charge 4, above considered.

[11] There was no error in refusing the plaintiff's requested charges 4 and 11. If not otherwise faulty, they invade the province of the jury by requiring a verdict for the plaintiff for the statutory penalty if he did not consent or withdraw his consent before the saplings in question were cut, and, as above laid down in this opinion, it was a question for the jury to determine whether or not the defendant was liable for the statutory penalty notwithstanding the plaintiff did not consent to the cutting.

[12, 13] There was no error in refusing the plaintiff's requested charge 12. It is involved and meaningless. On the other hand, should we omit the surplus "that," it would be an affirmative instruction that there was no consent to the cutting in 1917, and we are not prepared to say that it should have been given. But, apart from this, its refusal was harmless, as the jury, in effect, found that there was no consent.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.