(117 So. 429)

### FORD v. BRADFORD. (7 Div. 738.)

Supreme Court of Alabama. June 7, 1928.

Rehearing Denied June 28, 1928.

Walter S. Smith, of Lineville, for appellant.

Hardegree & Cockrell, of Ashland, for appellee.

SOMERVILLE, J. This suit was begun in a justice's court in 1921 to recover damages for the unlawful cutting and removal of ten trees from land claimed to be the property of the plaintiff.

The original complaint consisted of three counts, one for the statutory penalty under section 10371 of the Code; one for trespass by "wrongfully cutting and removing" the logs; and one for the conversion of the logs. In the circuit court several common counts were added.

The justice rendered judgment for the plaintiff for $20.10, and the defendant appealed to the circuit court. Three jury trials have been had in that court, and three verdicts and judgments have been rendered for the defendant; the first two having been reversed by this court on successive appeals. Ford v. Bradford, 210 Ala. 48, 97 So. 55; Ford v. Bradford, 212 Ala. 515, 103 So. 549.

It might be reasonably supposed that most of the questions of law and evidence arising in this case had been conclusively settled on the former trials and appeals. On the contrary, where one point has been settled, two or three new ones seem to have cropped out in its stead, and the record now exhibits 82 assignments of error, of which about 60 are for rulings on the evidence—which goes to show that controversial fecundity in litigation does not depend upon the size or importance of its subject-matter.

■ On the appeal from the judgment of the justice's court, defendant gave a bond in the sum of $58.60, which was in double the amount of the judgment and costs. Before the third trial was had, plaintiff showed to the court that the costs had, since the appeal, been increased to $336, and moved that defendant be required to give a new or additional bond for the protection of plaintiff and the officers of the court. This motion was properly overruled. Section 8783, authorizing the appellate court to dismiss the appeal when the appeal bond is insufficient as security, if the party is unwilling to execute a sufficient bond, relates to its sufficiency with respect to the judgment in the lower court which is superseded by the appeal It has nothing to do with costs subsequently accruing in the appellate court. If the bond was sufficient in amount when made—and that is not disputed—the trial court was without authority to require further security for costs in the circuit court. Giddens v. Rutledge, 146 Ala. 232, 40 So. 759.

■ Under count 1 plaintiff could not recover, unless defendant cut and removed the trees in question "willfully and knowingly, without the consent of the owner of the land." Code, § 10371. The cutting and removal were undisputed facts, and the issue tried was (1) whether the land from which the trees were cut belonged to plaintiff; and (2) if so, were they cut and removed by defendant under a bona fide belief that the land belonged to him and not to plaintiff. Ledbetter v. Bryant, 205 Ala. 77, 87 So. 325; Ellard v. ·Goodall, 204 Ala. 645 (7), (8), 87 So. 196. The dispute here was upon the true location of the boundary line between the land of defendant on the north and of plaintiff on the south. On the broad issue of good faith, defendant was entitled to put in evidence every fact having a logical tendency to induce and establish his honest belief in the fact that the trees in question grew on his side of the boundary line, however incompetent it may have been upon the issue of ownership, or upon the issues arising under the counts for trespass and trover. Ellard v. Goodall, supra, headnote 8.

■ The rulings on the evidence assigned for error are too numerous, and most of them of too trifling importance, to justify their detailed discussion. Some of the matters admitted against plaintiff's objection, though irrelevant, were utterly harmless; and most of the matters excluded on defendant's objection were either irrelevant or were objectionable as conclusions of the witness. For example, it was not competent for defendant's witness to testify that a change in the boundary line by the last survey was what caused this dispute; or that moving a related section corner 185 yards would disturb all the land lines in the section.

■ There was no dispute as to where defendant claimed the line to be, and the fact that this, that, or the other person pointed out the line, as claimed by defendant, could not have been prejudicial to plaintiff. Nor was it of any consequence whether a neighboring landowner, Coleman Smith, was present with Surveyor Currie when he ran the line which plaintiff claims is correct; or that Smith placed a marker at the end of Currie's survey; or that he pointed out to Surveyor Horn, who ran the line which defendant claims is correct, a place where Currie's survey through the section went to; or that he measured nearby lands not involved in this suit.

■ A number of questions were asked Coleman Smith by defendant, designed to show that the half section line dividing his land and other land just to the north of the line from defendant's land and other land to the south of that line had a definite location, and had remained unchanged for the last 25 years. The location of that line—a government survey line—was material to the location of the other section lines, including the disputed line. Several of the questions may have been objectionable as calling for hearsay or reputa-

tion, but no objection was made on that ground. Moreover, a group of assignments of error, argued in bulk as one, cannot be sustained as a whole, unless all are good. Some of these assignments are unquestionably bad.

On the cross-examination of defendant's witness, Carl Reeves, plaintiff brought out the fact that, after these logs were cut, witness went with defendant to see plaintiff with a view to adjusting the dispute; and that, when defendant came back and got in the buggy, he remarked:

"I guess we have this business sorter quieted; we have reached an agreement."

On redirect examination defendant asked the witness, "What did he say?" Over plaintiff's objection, he was allowed to answer:

"The agreement is that I am going to have the section sized, and, if the timber is on Mr. Ford's side when the line is established, I am willing to pay him for it, and am going to pay him."

Having himself brought out the statement that an agreement had been reached, he cannot object to a disclosure of its terms by the defendant. But how the disclosure could hurt the plaintiff we are unable to see, since it involved an admission by defendant of his doubt as to the validity of his own contention.

Conceding the impropriety of testimony that, after plaintiff bought the land just south of Bradford, he engaged in boundary disputes with his neighbors on the east and west also, the record does not show that defendant's witness Mitchell so testified, although the questions asked him were possibly framed to elicit such an answer. But, at worst, the witness' testimony on cross-examination showed that there were no contentions with any one until the Horn line was run 180 yards south of the line previously recognized by everybody. This neutralized the prejudice, if any, of the witness' previous statements.

It was not proper for defendant to state that the timber previously cut was cut up to the line that was considered the line between these 40's by their previous owners. The evidence was relevant, however, to the question of defendant's good faith; and, no objection being made on the ground that it was hearsay, or that the witness did not know the facts, the court cannot be put in error for overruling inapt objections.

On the issue of good faith, it was competent for defendant's witness Steed, his predecessor in title, to testify that he showed to defendant the line between these disputed 40's, and that the trees in suit were cut on defendant's side of the line *as the witness showed him the line.* The question propounded to the witness was objectionable, but the answer as qualified was not.

Title by prescription—with exclusive possession under claim of ownership over a period of 20 years—is not governed by the rules prescribed for showing title by adverse possession for 10 years. Hopkins v. Duggar, 204 Ala. 626, 87 So. 103.

Hence defendant's charge 10, based on prescriptive title, was properly given without the predicate of color of title or recorded claim, as required by section 6069 of the Code for showing title by adverse possession merely. That section, it seems, has not been applied to possessions between coterminous owners where the boundaries are disputed. Smith v. Bachus, 201 Ala. 534, 78 So. 888; Hopkins v. Duggar, supra.

Charge A, given for defendant, denies plaintiff's recovery, unless the trees in suit were *cut* from plaintiff's two 40's, and it is urged that this limitation was erroneous, since the statute allows a recovery for either cutting trees, or removing them after they have been cut. As applicable to the evidence in this case, however, the charge was correct, since these trees were not the property of plaintiff, unless they were cut from plaintiff's land.

Charge 13, refused to plaintiff, was fully covered by given charge 15, and refused charge 16 was fully covered by given charges 9 and 10.

Charge X, refused to plaintiff, was properly refused because it asserted plaintiff's *right* to the highest value of the logs subsequent to their conversion. Such a value may be awarded in the discretion of the jury, but it is not a matter of right. Burks v. Hubbard, 69 Ala. 379; Loeb v. Flash, 65 Ala. 526.

The statements made in argument by plaintiff's counsel, viz., "I knew Mr. Pitts as a boy in this county, and he was a competent surveyor"; and (speaking of the case, generally) "the Supreme Court has sent it back to be tried right," were obviously outside of the record, and were excluded without error.

We have examined and considered every question presented on the record, and find no error upon which a reversal of the judgment can be predicated.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.