(132 So. 171)

## LYONS v. TAYLOR et al.
### I Div. 609.

Supreme Court of Alabama.
Jan. 22, 1931.

Outlaw, Kilborn & Seale, of Mobile, for appellant.

Gordon, Edington & Leigh, of Mobile, for appellees.

GARDNER, J.

The appeal is from a judgment for plaintiffs in a statutory action of ejectment for recovery of a tract of land less than an acre in area, situated on Mon Luis Island near Heron Bay in the lower extremity of Mobile county.

It was admitted that complete title to the whole of Mon Luis Island passed by grant from the king of France into the heirs of Nicholas Baudin in September, 1713, but plaintiffs' effort to establish a record title by unbroken chain running back to the heirs of said Nicholas Baudin was thwarted by the exclusion of a large number of their muniments of title. The only record title claimed by defendant was a deed executed to him by his mother about two years previous to the institution of this suit. The case, therefore, turned upon the question of adverse possession, as to which the evidence was in conflict, and was for the jury's determination. The northern boundary of the land in dispute is a county road established within recent years, which is the dividing line between sections 12 and 13.

Plaintiffs offered in evidence deeds which serve as color of title to some 1,500 acres of land including that here involved, running back to the year 1851; that in 1873 deed was made to Frederick Kuppersmith, father of some of the plaintiffs, and evidence of possession of parts of the land and claim of ownership to the whole down to these plaintiffs. No occasion here arises for any detailed discussion of the facts.

Actual possession on plaintiffs' part was by tenants, and we are of the opinion the evidence of plaintiffs was sufficient as to pri-

or actual possession to establish a prima facie case in their behalf. Dodge v. Irvington Land Co., 158 Ala. 91, 48 So. 383, 22 L. R. A. (N. S.) 1100; L. & N. R. Co. v. Philyaw, 88 Ala. 264, 6 So. 837; McCreary v. Jackson Lbr. Co., 148 Ala. 247, 41 So. 822; Fletcher v. Riley, 148 Ala. 236, 42 So. 548; Hale v. Chandler, 180 Ala. 391, 61 So. 885; West v. Chandler, 201 Ala. 260, 77 So. 674; Hood v. Johnston, 210 Ala. 617, 99 So. 75; 19 Corpus Juris, 1052.

Much of plaintiffs' proof, as we read and understand the evidence, tends to show possession of the property by tenants for a period of more than fifty years, and that neither defendant's mother nor her father, Harry Williams, through inheritance from whom she claimed, was ever in the actual possession of the property here involved situated south of the road.

Defendant's evidence was to the contrary, and to the effect that said Harry Williams, and defendant's mother after his death and as his heir, had been in actual possession of this property south of the road for more than sixty years, openly and notoriously claiming it as their own, though without color of title; Williams having purchased from one McGurry, though no deed was produced.

■ As we gather from a study of the record, therefore, the question of prior actual possession was a disputed issue of fact. Under this state of the proof, it was error to give for the plaintiffs charge 7, for the reason it assumes a prima facie case established for the plaintiffs. Defendant, according to his proof, was not a trespasser, and the charge so assuming placed him in this attitude. A similar instruction was condemned by this court in Dorlan v. Westervitch, 140 Ala. 283 (pages 296, 297 of the opinion), 37 So. 382, 103 Am. St. Rep. 35, and upon this authority the giving of charge 7 must be held error to reverse. To like effect as the Dorlan Case, though not so directly in point, may be noted City Nat. Bank v. Nelson, 214 Ala. 297, 107 So. 849, and Payne v. Crawford, 102 Ala. 387, 14 So. 854; Murray v. Hoyle, 97 Ala. 588, 11 So. 797.

■ While plaintiffs offered proof tending to show that any acts of possession on the part of defendant and those through whom he claims was in recognition of plaintiffs' title and not hostile thereto, and that in fact, if there was a purchase by Williams, it was of the improvements only and not the land, yet, as above indicated, defendant's evidence was to the contrary. His proof tended to show a purchase by his grandfather of the entire property more than sixty years ago, and possession, open and notorious, under claim of ownership from that time by Williams and after his death by defendant's mother by way

of inheritance, and by himself under deed from her, and that he and his mother had been in such exclusive, open, notorious, and continuous adverse possession of the property for considerably more than twenty years. Defendant attempted to invoke the doctrine of prescription in his defense and requested charges to that end, which were refused. Illustrative is refused charge 16. The correctness of said charge as stating the rule of repose recognized by our authorities does not appear to be questioned by counsel for appellee, and our decisions also hold that section 6069, Code of 1923 (section 2830, Code 1907), is inapplicable to claim of title by prescription. Jones v. Rutledge, 202 Ala. 213, 80 So. 35; Kidd v. Browne, 200 Ala. 299, 76 So. 65; Ford v. Bradford, 218 Ala. 62, 117 So. 429; Tharp v. Johnson, 219 Ala. 537, 122 So. 668; Earnest v. Fite, 211 Ala. 363, 100 So. 637; Cox v. Broderick, 208 Ala. 690, 95 So. 186.

Appellees' reply to this insistence rests upon the contention the evidence for defendant was not sufficient to invoke the doctrine of prescription; but what has been said as to the tendencies of the proof offered by defendant suffices, we think, as an answer to this argument. We are therefore of the opinion defendant was entitled to have the jury instructed as to the doctrine of prescription, and that it was error to refuse said charge. No instruction of similar import appears to have been given, and the error was of prejudicial character.

The question presented as to argument of counsel will doubtless not arise upon another trial, and a consideration thereof is pretermitted. Nor do we find any questions as to rulings on evidence that require separate treatment further than to state we find no reversible error therein.

For the errors indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.